### PEOPLE v. WILSON.

1. BASTARDY — EVIDENCE — REPUTATION OF PROSECUTRIX FOR CHASTITY.

In bastardy proceedings, testimony tending to show that, at about the time the child was begotten, the reputation of the prosecutrix for chastity was bad, is inadmissible.

2. SAME—COMPLAINT—VARIANCE.

Where, in a bastardy proceeding, the testimony fixed the time that the child was begotten at an earlier date than that specified in the complaint, and there was no evidence of the commission of the offense at the time charged, defendant was not required to meet the charge, and a conviction was unwarranted.

*Certiorari* to Houghton; Streeter, J. Submitted February 26, 1904. (Docket No. 195.) Decided April 5, 1904.

William Wilson was convicted of bastardy. Reversed.

*Edward F. Le Gendre*, for appellant.

*Oscar J. Larson*, Prosecuting Attorney, for the people.

MONTGOMERY, J. This is *certiorari* to review a bastardy proceeding instituted by Mary Matson. A verdict of guilty was entered, and defendant was charged with the support of the child.

Numerous questions are argued in the briefs, but we consider only such as are likely to arise on a new trial.

1. The defendant offered testimony to show that, at about the time the child was begotten, the reputation of the prosecutrix for chastity was bad. This testimony was said to be offered for its bearing on the paternity of the child, and also for the purpose of impeaching the testimony of the prosecutrix. The authorities are not entirely agreed upon the question of the admissibility of such testimony, but the decided weight of authority supports the ruling below. In *People* v. *Mills*, 94 Mich. 630 (54 N. W. 488), we held that testimony of reputation for a want of chastity in a female witness was not, in general, admissible for the purpose of impeachment. It has also been held inadmissible in bastardy proceedings in *Com.* v. *Moore*, 3 Pick. 194; *Bookhout* v. *State*, 66 Wis. 415 (28 N. W. 179). In the latter case the authorities *contra* are reviewed. The defendant cites cases from Iowa to sustain his contention, but in that State the code permits the general moral character of a witness to be attacked for the purpose of impeaching his testimony. See *State* v. *Woodworth*, 65 Iowa, 141 (21 N. W. 490). But in *Rawles* v. *State*, 56 Ind. 433, it was held that even though the code of that State provides that, in all questions affecting the credibility of a witness, his general moral character may be given in evidence, yet in a bastardy case the inquiry must be confined to the time of trial, and, furthermore, that *particular* inquiry as to the reputation of the prosecutrix for chastity will not be entered upon. See, also, *Sidelinger* v. *Bucklin*, 64 Me. 371; *Swisher* v. *Malone*, 31 W. Va. 442 (7 S. E. 439); *Morse* v. *Pineo*, 4 Vt. 281.

2. The complaint charged that the child was begotten "from June 24 to July 9, 1902," at the home of the sister of the prosecutrix, in Hancock township. On the trial the prosecutrix testified that she did not remember the month, but she did have connection with defendant at the band-stand last summer, and became pregnant; that this was in the fore part of the summer. After being excused from the stand, she was again called, and testified as follows:

" *Q. Can you tell where the intercourse took place when you became pregnant with child ?*

"*A. It was at Chassell.* I was going to Victor Cotila's house, my brother-in-law. We reached there at 10 in the evening. We went in a wagon. Wilson went into my brother-in-law's house with me.

" *Q.* Did you stay there all night ?

"*A.* I was there, but he was not. He went to Calumet.

" *Q.* What month was that in ?

"*A. It was in June month.*

" *Q. Do you know what time in June ?*

"*A. It was the fore part of the month.*

" *Q. How many times prior to that had you connection with Mr. Wilson ?*

"*A. Three times prior to that.*"

On cross-examination she again states that she cannot fix the month.

Her sister, Mrs. Cotila, was called, and testified as follows:

"*Q.* Has Mr. Wilson ever been to your house with your sister Mary ?

"*A.* Yes, sir; they came into it. I don't know the date. They came in a good many times to visit.

"*Q. Do you recollect Mr. Wilson and your sister coming there in June, 1902, one evening, late ?*

"*A. Yes, sir, it was one night when they came.*

"*Q. When was that?*

"*A. Well, I can't tell the month.*

"*Q.* Well, what time of year ? Was it in the summer, spring, fall, or winter?

"*A. It was last summer, late in the summer.*

"*Q.* You can't state what month it was in ?

"*A. No, sir.*"

Victor Cotila was called, and testified as follows:

" *Q.* State whether or not Mr. Wilson was with your sister-in-law at your house *last May or June ?*

"*A.* Well, I don't remember; it might be; I don't know; *I don't know the month, but I saw him in May month.*

"*Q.* What part of May ?

"*A.* I can't state the date, but he came in May month, one night.

"*Q.* Where did they come from ?

"*A.* From Chassell. He was going to Calumet.

"*Q.* Can you tell what part of May it was,—what time it was ? *Was it late in May, or the middle of May, or early in May ?*

"*A.* I can't tell exactly, but it was during that month.*"

The prosecutor was allowed to amend the complaint as to the place of the occurrence, but did not ask to amend as to time.

We think the occasion was fixed by the testimony as at a time earlier than the date fixed in the complaint, and that there is no testimony to show that the child was begotten at the time charged. This is of some importance, as the child was born about February 11th, and, allowing the usual period of gestation, must have been begotten in May. Was defendant required to be prepared to meet this charge? We think not. While an amendment, under proper showing, was allowable (*People* v. *Cole*, 113 Mich. 83 [71 N. W. 455]), yet such an amendment ought not to have been permitted without fixing the time so that defendant could meet the charge, or without giving him full opportunity to do so. *Hull* v. *People*, 41 Mich. 167 (2 N. W. 175).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.