## PEOPLE *v.* LENESCHMIDT.

1. BASTARDY—EVIDENCE—OTHER ACTS OF INTERCOURSE.

   In prosecution for bastardy, conviction must be confined to act of intercourse charged in complaint; showing of other acts of intercourse being permitted only as bearing on probability of commission of act relied on.

2. SAME—VARIANCE.

   When date is alleged with particularity, it must be proved as laid, but amendment may be permitted; and where date is not alleged with particularity, variance in time is not fatal, if verdict is confined to particular act within scope of complaint upon which prosecution introduces evidence for purpose of procuring conviction.

3. SAME.

   Where, in prosecution for bastardy, complaint charged that child was begotten on or about 9th day of May, occasion and circumstance being definitely stated, there was no fatal variance, although proofs placed time in forepart of April, without change of occasion and circumstance.

4. SAME—ALIBI.

   Nor was defendant prejudiced in his defense of *alibi*, where his evidence covered time relied on as fully as it did date named in complaint.

5. SAME—EVIDENCE—OTHER ACTS OF INTERCOURSE.

   There was no error in admitting evidence of act of intercourse other than one relied on, where court confined conviction to act charged.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted October 14, 1932. (Docket No. 203, Calendar No. 36,527.) Decided December 6, 1932.

Alex Leneschmidt was convicted of bastardy. Affirmed.

*Ellis F. Wilson,* for appellant.

On evidence of other crimes in prosecution for bastardy, see annotation in 62 L. R. A. 329.

· *Paul W. Voorhies,* Attorney General, and *Norman L. DesJardins,* for the people.

Fead, J.   Complaint for bastardy alleged that the child was begotten on or about the 9th day of May, 1930, the occasion and circumstances being definitely stated.   The proofs placed the time in the forepart of April, without change of the occasion and circumstances.   Defendant claims fatal variance as to dates.

Conviction must be confined to the act charged in the complaint.   Showing of other acts of intercourse is permitted only as bearing on the probability of commission of the one relied on.   *People* v. *Schilling,* 110 Mich. 412.   When the date is alleged with particularity, it must be proved as laid (*Hull* v. *People,* 41 Mich. 167; *People* v. *Wilson,* 136 Mich. 298), but amendment may be permitted (*People* v. *Cole,* 113 Mich. 83).   But where the date is not alleged with particularity, variance in the time is not fatal, if the verdict is confined to the particular act within the scope of complaint upon which the prosecution introduces evidence for the purpose of procuring conviction.   *People* v. *Swanson,* 217 Mich. 103; 7 C. J. p. 987.

In this case there was testimony of two acts of intercourse.   The court carefully confined conviction to the one charged.   Defendant was apprised by the examination that complainant was uncertain of the date, but the occasion was made clear.   The defense was an *alibi,* and defendant's evidence covered the time relied upon as fully as it did the date named in the complaint.   No motion was made for continuance after the court ruled that the act could be shown as of the forepart of April, nor does the

record indicate that defendant was deprived of a fair trial nor injured in his defense by the variance.

The other points raised have been examined, are without merit, and need no discussion.

Judgment affirmed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.