PEOPLE v. JONES.

1. CRIMINAL LAW—PROCURING A MISCARRIAGE—TIME.
   In prosecution for procuring a miscarriage, the time when the illegal operation was performed is not an essential element of the offense except to the extent of showing that the woman upon whom it was performed was pregnant at that time (Act No. 328, § 14, Pub. Acts 1931).

2. SAME—ALLEGATION OF TIME—EVIDENCE.
   In prosecution for procuring a miscarriage where time of the offense was alleged under a videlicet, it was sufficient to establish that the offense occurred the second day previous to that alleged (3 Comp. Laws 1929, §§ 17259, 17265; Act No. 328, § 14, Pub. Acts 1931).

3. INDICTMENT AND INFORMATION—VIDELICET—TIME—VARIANCE.
   A videlicet avers a date tentatively, and unless a particular day or date is essential to a crime there is no variance if the evidence shows that the very crime charged was actually committed on a different date.

4. SAME—AMENDMENT—DATE—TIME.
   It is proper to permit an amendment of a date in an information when time is not of the essence of the offense (3 Comp. Laws 1929, § 17265).

5. CRIMINAL LAW—PROCURING A MISCARRIAGE—INSTRUCTIONS.
    In prosecution for procuring a miscarriage, instruction that it .
        was necessary for the prosecution to prove that the offense
        was committed on date alleged in information was as favorable
        as defendant was entitled to where she claimed that woman
        upon whom operation was performed was not pregnant on
        such date (Act No. 328, § 14, Pub. Acts 1931).

6. SAME—PROCURING A MISCARRIAGE—EVIDENCE.
    In prosecution for procuring a miscarriage, evidence was suffi-
        cient to present question for jury where defendant. admittedly
        performed such an operation on date alleged in information
        but claimed the woman was not then pregnant and there was
        testimony, medical and otherwise, that the illegal operation
        performed by defendant two days previously was not entirely
        successful in procuring a miscarriage and that defendant be-
        lieved the woman was still pregnant (Act No. 328, § 14, Pub.
        Acts 1931).

Appeal from Muskegon; Sanford (Joseph F.), J.
Submitted January 13, 1944. (Docket No. 90, Calen-
dar No. 42,280.) Decided February 24, 1944.

Thelma Jones was convicted of using an instru-
ment to produce an abortion. Affirmed.

*F. E. Wetmore,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Henry
L. Beers,* Prosecuting Attorney, for the people.

BOYLES, J. The defendant was convicted of a
felony on an information alleging that the defend-
ant "heretofore to wit on the 16th day of August,
1942, at the city of Muskegon, in the county of Mus-
kegon, aforesaid, did then and there, feloniously
and wilfully employ upon the person of Margaret
Holstein, a pregnant woman, a certain instrument,
to wit: a catheter," with intent to produce a miscar-
riage.

The section of the penal code (Act No. 328, § 14,
Pub. Acts 1931 [Comp. Laws Supp. 1940, § 17115–

14, Stat. Ann. § 28.204]) under which this charge was laid is as follows:

"Any person who shall wilfully administer to any pregnant woman any medicine, drug, substance or thing whatever, or shall employ any instrument or other means whatever, with intent thereby to procure the miscarriage of any such woman, unless the same shall have been necessary to preserve the life of such woman, shall be guilty of a felony."

On appeal the defendant claims that the court erred in denying defendant's motion for a directed verdict on the ground that the proofs failed to establish that Margaret Holstein was a pregnant woman on the 16th day of August, 1942.

The defendant admitted using a catheter upon the person of Margaret Holstein on the 16th day of August but the defense is that she was not then a pregnant woman. There was testimony to show that Mrs. Holstein found that she was pregnant about the 1st of July, that she herself attempted to produce a miscarriage about the 6th or 7th of July but made no further attempt. She testified that the defendant employed a catheter upon her person and attempted to produce a miscarriage by that means, on the 14th of August; that she paid the defendant $20 on that occasion, and another $20 on the 15th. There was testimony to submit to the jury to show that Mrs. Holstein was pregnant on August 14th and that the defendant used a catheter upon her person at that time with intent to procure a miscarriage.

The time when the illegal operation was performed is not an essential element of the offense, except to the extent of showing that Mrs. Holstein was pregnant at the time the illegal operation was performed. The time of the offense was alleged under a videlicet in the information and it was sufficient

to establish that the offense occurred on the 14th. *People* v. *Dieterich,* 142 Mich. 527; *People* v. *Leneschmidt,* 260 Mich. 671. In *People* v. *Whittemore,* 230 Mich. 435, the court said:

"A *videlicet* avers a date tentatively, and unless a particular day or date is essential to a crime there is no variance if the evidence shows that the very crime charged was actually committed on a different date."

Chapter 7, § 45, of the code of criminal procedure (3 Comp. Laws 1929, § 17259 [Stat. Ann. § 28.985]) provides:

"The indictment or information shall contain: * * *

"2.   The time of the offense as near as may be but no variance as to time shall be fatal unless time is of the essence of the offense."

Chapter 7, § 51 (3 Comp. Laws 1929, § 17265 [Stat. Ann. § 28.991]), provides:

"Except insofar as time is an element of the offense charged, any allegation of the time of the commission of the offense, whether stated absolutely or under a videlicet, shall be sufficient to sustain proof of the charge at any time before or after the date or dates alleged, prior to the finding of the indictment or the filing of the complaint and within the period of limitations provided by law: *Provided,* That the court may on motion require the prosecution to state the time or identify the occasion as nearly as the circumstances will permit, to enable the accused to meet the charge."

No motion was made to require the prosecution to furnish a bill of particulars or more definitely state the time or identify the occasion.

While not necessary, if the prosecution had asked leave to amend, the court could have permitted an

amendment as to the alleged date of the offense. *People* v. *Lee,* 307 Mich. 743. The trial court charged the jury, in effect, that it was necessary for the prosecution to prove that the offense was committed on the 16th. This was at least as favorable to the defendant as she could expect. There was testimony, medical and otherwise, tending to show that the illegal operation performed by the defendant on August 14th was not entirely successful in procuring a miscarriage, that the defendant herself believed that Mrs. Holstein was still pregnant at that time, and that the operation admittedly performed by the defendant on August 16th was with the intent to procure a miscarriage. There was an issue of fact which the court properly submitted to the jury and the court did not err in denying defendant's motion for a directed verdict or for a new trial.

Conviction affirmed.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, SHARPE, and REID, JJ., concurred.