PEOPLE *v.* KING.

CRIMINAL LAW—SERVING MINOR WITH INTOXICATING LIQUOR—TIME—OTHER OFFENSES—EVIDENCE.

Conviction of appellant in nonjury prosecution for serving intoxicating liquor to a minor on or about a specified date *held*, not substantiated by proof that he did commit such a crime 6 days later, where there was no proof that he committed the crime on the day specified, the evidence of similar acts on other occasions being presented to show a pattern of conduct, where there was no case of slight uncertainty or mistake as to the actual date of the specific offense intended to be relied upon, as to which, under a videlicet, some variance between charge and proof is not fatal so long as time is not of the essence of the offense (CL 1948, §§ 767.45, 767.51).

Appeal from Ingham; Coash (Louis E.), J. Submitted October 12, 1961. (Docket No. 96, Calendar No. 48,523.) Decided March 16, 1962.

REFERENCES FOR POINTS IN HEADNOTES
30 Am Jur, Intoxicating Liquors §§ 358–360.
Other offenses of illegal sale of liquor. 40 ALR2d 817.

LeRoy King was convicted of furnishing intoxi-
cating liquor to a minor. Reversed.

. *Paul L. Adams*, Attorney General, *Joseph B.
Bilitzke*, Solicitor General, *Jack W. Warren*, Prose-
cuting Attorney, and *Howard A. McCowan*, Assist-
ant Prosecuting Attorney, for the people.

*Stuart J. Dunnings, Jr.*, for the defendant.

DETHMERS, C. J. Defendant and a woman com-
panion were charged with the crime of having
furnished alcoholic beverage theretofore, to wit, on
or about the 10th day of September, A. D. 1958, to
a minor.

The case was tried in circuit court without a jury.
Both defendants were found guilty. Defendant
LeRoy King appeals.

Proofs were offered to show that on September
10, 1958, the minor was at the home of the woman
defendant, furnished a drink of liquor by her and
that defendant King joined them there. There were
no proofs to show that he furnished liquor to the
minor on that date.

Next the people undertook to show that on or
about September 16, 1958, the minor was again at
the woman defendant's home and was served a
drink of liquor by each of the 2 defendants. To this
defense counsel objected, insisting that he was en-
titled to know whether the prosecution was relying
on an offense committed on September 10th or one
occurring on or about September 16th for a convic-
tion. There was an inconclusive answer by the
prosecuting attorney indicating an intent to rely on
an occurrence of September 16th or thereabouts, but,
when pressed for greater definiteness by defense
counsel, the prosecutor urged upon the court the
right to show the furnishing of liquor by defendants

to the minor on or about September 16th and on other occasions for the purpose of showing a pattern of defendants' conduct in relation to the minor. The prosecuting attorney was then permitted by the court to show the furnishing of liquor by defendants to the minor on the occasion on or about September 16th.

At the conclusion of the proofs the court found that the defendants furnished liquor to the minor "on or about the 16th or thereabouts, which would be on or about the 10th" and found them guilty as charged.

We are satisfied from the record that, upon insistence by defense counsel that the prosecution elect as to the offense and date of offense on which it would rely, the defense was left with the understanding that the people were proceeding with the September 10th charge, with evidence of like offenses by defendants on other dates being offered solely to show a pattern of defendants' conduct in relation to the minor.

This is not, then, a case of slight uncertainty or mistake as to the actual date of the specific occasion and offense intended to be relied upon, as to which, under a videlicet, some variance between charge and proofs is not fatal so long as time is not of the essence of the offense. (See CL 1948, § 767.45 [Stat Ann 1954 Rev § 28.985], and CL 1948, § 767.51 [Stat Ann 1954 Rev § 28.991].) For such cases see *People* v. *TenElshof,* 92 Mich 167; *People* v. *Dieterich,* 142 Mich 527; *People* v. *Nichols,* 159 Mich 355; *People* v. *Whittemore,* 230 Mich 435; *People* v. *Jones,* 308 Mich 43; *People* v. *Fitzsimmons,* 320 Mich 116. Here there was no mistake as to the date of the particular occasion upon which the prosecution intended to rely, namely, September 10th, when the minor was present at the home of the woman defendant and

served liquor by her. There having been no proof, however, that defendant King furnished liquor to the minor on that occasion, the court found him guilty of committing such offense on another occasion, namely, on or about September 16th, as to which proofs of his guilt were offered only for the purpose of showing a general pattern of conduct on his part. Defendant was not called upon to defend himself against a charge of having committed the separate and different offense on the latter date, and could not be found guilty thereof in this case. For cases discussing the general subject, some of them not necessarily controlling nor directly in point here, see *Hull* v. *People*, 41 Mich 167; *People* v. *Schilling*, 110 Mich 412; *People* v. *Wilson*, 136 Mich 298; *People* v. *Nichols, supra; People* v. *Leneschmidt*, 260 Mich 671.

Reversed.

CARR, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., took no part in the decision of this case.