PEOPLE *v.* HAWKINS

1. CRIMINAL LAW—TIME OF OFFENSE—VARIANCE.

No variance between the time of the offense alleged in the information and the time that the offense actually occurred shall be fatal unless time is of the essence of the offense (CL 1948, §§ 767.45, 767.51).

2. CRIMINAL LAW—UNLAWFULLY DRIVING AWAY AN AUTOMOBILE— ELEMENTS OF CRIME—TIME.

Time is not of the essence of the offense of unlawfully driving away an automobile (CL 1948, § 750.413).

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations §§ 267, 273, 276.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 246–252.
[3] 53 Am Jur, Trial § 699 *et seq.*

3. Criminal Law — Trial — Instructions to Jury — Appeal and
Error.

> Failure to instruct the jury that it was to disregard defendant's
> failure to testify in his own behalf was not error where defense
> counsel specifically agreed that no instruction of that nature
> should be given (CL 1948, § 768.29).

Appeal from Tuscola, James P. Churchill, J. Submitted Division 2 April 8, 1969, at Lansing. (Docket No. 4,878.) Decided April 23, 1969.

Wayne Hawkins was convicted of unlawfully driving away an automobile. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Epskamp,* Prosecuting Attorney, for the people.

*Richard F. Kern,* for defendant on appeal.

BEFORE: J. H. Gillis, P. J., and Levin and Bronson, JJ.

J. H. Gillis, P. J. Defendant was convicted of willfully and without authority taking possession of and driving away an automobile belonging to another. CL 1948, § 750.413 (Stat Ann 1954 Rev § 28-.645). On appeal, he raises the following issues:

(1) Whether there was sufficient evidence to convince a jury beyond reasonable doubt that defendant committed the offense on the date charged?

(2) Whether the trial court erred by failing to instruct the jury that defendant's failure to testify did not create any presumption against him and that no inference should be drawn from such failure to testify?

The information charged and the prosecutor in his opening statement alleged that the offense was committed on April 16, 1967. The arresting officer so testified. Defendant relies on the testimony of the owner of the automobile to the effect that the alleged offense occurred on April 17, 1967. Defendant contends that the prosecution, having elected April 16, 1967, must stand or fall by the election and that there is insufficient evidence to prove beyond a reasonable doubt that the offense occurred on that date.

The transcript reveals that the owner of the automobile was somewhat confused as to dates and that he testified only as to the dates when he saw his car, not as to the date of the actual commission of the offense. Moreover, time is not of the essence of the offense alleged and no variance as to time shall be fatal unless time is of the essence of the offense. CL 1948, § 767.45 (Stat Ann 1954 Rev § 28.985); CL 1948, § 767.51 (Stat Ann 1954 Rev § 28.991). Defendant in this case could not have been misled as to the particular actions on his part on which the charge was based. *Cf. People* v. *King* (1962), 365 Mich 543. The verdict was supported by the evidence.

As for the second issue, defense counsel specifically agreed that no instruction be given with respect to defendant's failure to testify. There was no error in the charge. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052).

Affirmed.

All concurred.