PEOPLE v HELZER

OPINION OF THE COURT

1. INDICTMENT AND INFORMATION—DATE OF OFFENSE—VARIANCE.

The people are entitled to some latitude in fixing the date of an offense, and variance between the proofs and the complaint is not fatal, provided the verdict is confined to the particular act within the scope of the complaint upon which the people introduce evidence for the purpose of procuring a conviction.

2. ASSAULT AND BATTERY—GROSS INDECENCY—DATE OF OFFENSE—INSTRUCTIONS TO JURY.

Instructing a jury that the offense of gross indecency with a child could be regarded as proven should the proofs show any date within the statute of limitations and that the date of the offense was not a material element of the offense was error where testimony at trial confined the offense alleged to the last half of a month, or possibly the entire month, and the defense was alibi (MCLA 750.338).

DISSENT BY V. J. BRENNAN, J.

3. ASSAULT AND BATTERY—GROSS INDECENCY—INFANTS—DATE OF OFFENSE—INSTRUCTIONS TO JURY.

*Children who are witnesses in a prosecution for gross indecency usually cannot be examined and cross-examined and remember specific dates, therefore the only critical areas in such a prosecution are: Is this the person and what exactly was done?, i.e., identity and credibility of witnesses (MCLA 750.338).*

Appeal from Presque Isle, Philip J. Glennie, J. Submitted Division 3 April 3, 1974, at Lansing. (Docket No. 15180.) Decided July 22, 1974. Leave to appeal granted, 392 Mich 818.

Richard L. Helzer was convicted of gross inde-

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 260–276.
[2, 3] 6 Am Jur 2d, Assault and Battery § 95.

cency. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Elmer Radka,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, by *Howard C. Marderosian,* of counsel), for the people.

*Roger L. Wotila,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and QUINN and V. J. BRENNAN, JJ.

DANHOF, P. J. Defendant was convicted by a jury of gross indecency. MCLA 750.338; MSA 28.570. On July 7, 1972, he was sentenced to a term of one to five years in prison.

The information alleged that the offense occurred "on or about July 27, 1971". The complaining witness was nine years of age at the time of the alleged offense. He testified that defendant performed an act of fellatio upon him, but was unable to specify an exact date. He did testify that the incident took place on a weekday, between 3 p.m. and 6 p.m., one or two weeks before the Rogers City Centennial, which began on July 30, 1971. He further testified that the alleged act took place on the same day his parents drove a car for his father's part-time employer north across the Mackinac Bridge. Before leaving, the boy's parents gave him permission to go fishing with the defendant and the defendant's five-year-old stepson. The boy did not inform his parents of the alleged crime until approximately one month thereafter. Neither defendant's stepson, in whose presence the crime

was alleged to have been committed, nor the boy's parents testified at trial.

Defendant did not take the stand at trial, but presented an alibi defense through other witnesses. It was established with a fair degree of certainty that the boy's parents crossed the Mackinac Bridge on at least one occasion on July 20, 1971. A representative of defendant's employer in charge of business records testified that defendant had been paid as a member of the galley crew of the ore vessel S.S. "Munson" for working the hours of 7:30 a.m.–1 p.m.; 3:30 p.m.–6 p.m. from July 16, 1971 to July 31, 1971. On July 20, 1971, the "Munson" was in Buffington, Indiana. Upon cross-examination, the witness conceded that he could not state with certainty whether defendant actually worked the hours for which he was paid. Furthermore, he testified that on occasion men employed on the ore boats which are in their home port switch shifts with other men. The "Munson" was in defendant's home port of Rogers City on July 27, 1971.

On appeal, defendant raises a number of issues for our consideration. Our resolution of one necessitates reversal and remand for new trial.

The people proposed for the trial court's consideration the following instruction:

"I further charge you that this offense of gross indecency is one where the time or day that the offense was committed is not of the essence. In other words, in this case where the offense was alleged to have occurred on or about the 27th day of July, 1971, should the proof have shown any other possible date so long as it is within the statute of limitations, then the offense charged can be regarded as proven. If you find that the offense of gross indecency was, in fact, committed, the date that it was committed is not a material element of the offense."

This instruction was based on the following language from *People v Swift*, 172 Mich 473, 488; 138 NW 662, 668 (1912):

"Time was not of the essence of this offense. It could be stated in the information as one time, and the proof might show another; evidence could be given of such an act within the jurisdiction of the court and the statute of limitations, and the act indicated by the evidence could thenceforth be deemed the act charged."

Defense counsel vigorously objected to the above-quoted proposed instruction. He argued that he had never attempted, from the day of the preliminary examination to trial, to confine the people to a specific date for the alleged offense. However, he claimed that the boy himself had in his testimony given certain reference points which confined the offense alleged to the last half or possibly the entire month of July, 1971. He claimed that the proposed instruction would deprive defendant of his alibi defense. The trial court took the question under advisement, but thereafter instructed the jury in substantially the same form as proposed by the people. This was error.

The above-quoted language from *Swift, supra,* went to the issue of variance between the proofs and the complaint. The people are entitled to some latitude in fixing the date of the offense. Where, as here, the date is not alleged with particularity, variance is not fatal provided the verdict is confined to the particular act within the scope of the complaint upon which the people introduce evidence for the purpose of procuring a conviction. *People v Leneschmidt,* 260 Mich 671; 245 NW 544 (1932). *People v King,* 365 Mich 543; 114 NW2d 219 (1962). However, *Swift* does not sanction an instruction such as the one at issue here. This can be readily seen from the instructions as quoted

thereafter in *Swift* which confined that jury's de-liberations to the 23rd of November, as had been alleged, or some date prior thereto during that same month of November, for which there was support in the record. In the instant case, the jury should have been similarly instructed to confine its deliberations to a time period supported by the record. *People v Brocato,* 17 Mich App 277, 286; 169 NW2d 483, 487 (1969).

Defendant also alleges error in the trial court's instruction on gross indecency. The jury's function in determining guilt or innocence upon a charge of gross indecency is set forth in *People v McCaleb,* 37 Mich App 502, 507; 195 NW2d 17, 19 (1972). See also *People v Ferguson,* 45 Mich App 697; 206 NW2d 812 (1973).

Reversed and remanded for new trial.

QUINN, J., concurred.

V. J. BRENNAN, J. *(dissenting).* I cannot concur with my colleagues.

There was no question here of mistaken identity. The defendant was known to the complainant, aged nine, for some time. He had the permission of the parents to take him fishing so the boy and the parents knew the defendant, thereby excluding any question of identification.

The complainant testified that the defendant took him and the defendant's stepson to a "secret place", unzipped their pants, and began fondling their private parts as well as performing acts of fellatio upon them.

Defendant claims the date fact is absolute in this case—negative. Our Supreme Court in *People v Swift,* 172 Mich 473, 488; 138 NW 662 (1912), said, and this has not been changed:

"Time was not of the essence of this offense. It could be stated in the information as one time, and the proof might show another; evidence could be given of such an act within the jurisdiction of the court and the statute of limitations, and the act indicated by the evidence could thenceforth be deemed the act charged."

The trial court based his instructions on the ruling of that case. My colleagues have said that the charge was erroneous in that the date for the jury to consider was not specified. I cannot agree with them. The prosecutor is not bound, in a case of this nature, to prove that the act was committed on a certain date. The reasoning of the Supreme Court is clear. It simply is that children usually cannot be examined and cross-examined and remember specific dates. Therefore, the only critical areas are: Is this the person and what exactly was done? After that, if the elements have been established, then the fact finders, that is the jury in this case, must determine whether those elements have been proven beyond a reasonable doubt. I feel in this case they have.

The defendant claims that the testimony of the minor child confined the date to a specific time and, therefore, the trial court could not instruct the jury that the date that the offense was committed is not a material element of the offense. Defendant's contentions are erroneous.

In gross indecency cases such as this involving minor children where dates and times are sometimes difficult to pinpoint, the only areas of concern of our courts have been identity and the credibility of the witnesses.

Here the jury chose to believe the child on the question of whether the defendant did or did not commit the acts charged.

I would affirm the conviction.