PEOPLE v TINSKEY

PEOPLE v WILLIAMS

*ORDER*

Entered May 8, 1975.—REPORTER.

On order of the Court, the application by defendants-appellants for leave to appeal is considered and the same is granted. The Court, *sua sponte,* reverses the conviction and discharges the defendants.

Defendants were convicted of conspiracy to commit abortion. MCLA 750.14, 750.157a; MSA 28.204, 28.354(1). They could not have been convicted of the substantive abortion offense because pregnancy of the woman is a necessary element of that offense. 1 Am Jur 2d, Abortion, § 6, p 191. *Cf. People v Jones,* 308 Mich 43, 45; 13 NW2d 201 (1944). It is possible, although we need not decide, that defendants could not have been convicted of attempted abortion; at common law the general rule is that while factual impossibility is not a defense *(People v Jones,* 46 Mich 441; 9 NW 486 [1881]), legal impossibility is a defense. LaFave & Scott, Criminal Law, § 62, p 474.

The somewhat indeterminate common-law definition of conspiracy, as a combination to accomplish some criminal or unlawful purpose or end or to accomplish a lawful purpose or end by criminal or unlawful means *(People v Tenerowicz,* 266 Mich 276, 285; 253 NW 296 [1934]), was replaced by 1966 PA 296, which defines the object of the conspiracy as the "commit[ting of] an offense prohibited by law" or of "a legal act in an illegal manner". MCLA 750.157a; MSA 28.354(1).

While the crime of conspiracy is distinct from the substantive offense *(People v Chambers,* 279 Mich 73, 77; 271 NW 556, 557 [1937]; *State v Moretti,* 52 NJ 182; 244 A2d 499 [1968]), the Legislature has indicated that in Michigan the penalty for an attempt to commit an offense shall be significantly less than the penalty for the substantive offense. MCLA 750.503; MSA 28.771. We note, without resting decision on this ground, that to charge a person with conspiracy—which may subject the offender to the same jail or prison sentence as the substantive offense—as a substitute for charging attempt to commit the offense tends to circumvent that legislative policy.

There are two statutory patterns prevalent in this country: one requiring that the woman be pregnant (Michigan and other states), the other requiring only that the person to be aborted be a woman. 1 Am Jur 2d, Abortion, § 7, pp 191–192. The Legislature, having elected the pattern requiring that the person to be aborted be pregnant, has rejected prosecutions where the person is not pregnant. It has indicated that an attempted abortion which does not or cannot succeed because the person is not pregnant is not a crime. The Legislature has not, as to most other offenses, so similarly indicated that impossibility is not a defense.

In this statutory pattern, the crime of conspiracy to commit abortion cannot be committed with respect to a person who is not pregnant.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston III,* Chief Appellate Attorney, for the people. *Gillis & LaRose,* for defendants. (Docket No. 56099.) Reported below: 53 Mich App 667.

SWAINSON, J., not participating.