PEOPLE v SAUVOLA

PEOPLE v STROMER

Docket Nos. 58842, 58844. Submitted February 17, 1982, at Detroit.— Decided May 5, 1982.

Robert D. Sauvola and Robert Stromer were charged with armed robbery and conspiracy to commit armed robbery. Pursuant to a plea agreement the defendants offered to plead guilty to an added charge of common-law conspiracy. The Houghton Circuit Court, Stephen D. Condon, J., refused to accept the pleas to common-law conspiracy, holding that the statute defining and providing punishment for conspiracy supersedes the offense of common-law conspiracy and that the prosecution must conform to the statute. The defendants appealed by leave granted and the appeals were consolidated. Defendants claimed that the prosecutor has the discretion to select the conspiracy charge upon which he chooses to proceed. *Held:*

The offense of common-law conspiracy has been superseded by the conspiracy statute, and the prosecution of the conspiracy charges must conform to the statute.

Affirmed.

CONSPIRACY — STATUTORY OFFENSES — COMMON-LAW OFFENSES.

Conspiracy is an offense defined by statute and is therefore not punishable as a common-law offense; a prosecution for conspiracy must be conducted in conformity with the statute (MCL 750.157a; MSA 28.354[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard S. Murray,* Prosecuting Attorney, for the people.

*Mikkola & Hiltunen,* for defendant Sauvola.

REFERENCE FOR POINTS IN HEADNOTE

16 Am Jur 2d, Conspiracy §§ 1, 10 *et seq.*

Upper Peninsula Legal Services, Inc. (by *Marshall Keltz),* for defendant Stromer.

Before: MACKENZIE, P.J., and BRONSON and T. R. THOMAS,* JJ.

T. R. THOMAS, J. On March 18, 1981, the defendants were charged with conspiracy to commit armed robbery, MCL 750.157a; MSA 28.354(1), and armed robbery, MCL 750.529; MSA 28.797. As a result of a plea agreement between the prosecuting attorney and the defendants' attorneys, the defendants attempted to plead guilty to an added charge of common-law conspiracy, MCL 750.505; MSA 28.773. The maximum penalty for common-law conspiracy is five years imprisonment or a fine of not more than $10,000 or both, in the discretion of the court. The maximum penalty for statutory conspiracy as applied to this factual circumstance is that which is "equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit and in the discretion of the court an additional penalty of a fine of $10,000.00 may be imposed". MCL 750.157a; MSA 28.354(1). The trial court rejected the plea for the reason that the crime of common-law conspiracy has been superseded by the conspiracy statute.

The defendants have appealed this ruling claiming that the prosecutor has the discretion to select the conspiracy charge he wishes to proceed with against the defendants. The prosecuting attorney representing the people agrees with the defendants' claim. The orders entered by the circuit court in both of these cases are identical.

* Circuit judge, sitting on the Court of Appeals by assignment.

We agree with the trial court. MCL 750.505; MSA 28.773 reads as follows:

"Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $10,000.00, or both in the discretion of the court."

The statute is clear on its face that it is applicable only to indictable common-law offenses for the punishment of which no statutory provision has been expressly made. Conspiracy is expressly defined and the punishment is expressly set forth by statute in MCL 750.157a; MSA 28.354(1).

Further, in the case of *People v Tinskey,* 394 Mich 108; 228 NW2d 782 (1975), the Supreme Court said:

"The somewhat indeterminate common-law definition of conspiracy, as a combination to accomplish some criminal or unlawful purpose or end or to accomplish a lawful purpose or end by criminal or unlawful means *(People v Tenerowicz,* 266 Mich 276, 285; 253 NW 296 [1934]), was replaced by 1966 PA 296, which defines the object of the conspiracy as the 'commit[ting of] an offense prohibited by law' or of 'a legal act in an illegal manner'. MCL 750.157a; MSA 28.354(1)."

Finally, as a matter of statutory construction, the express limitations of the applicability of a statute or the fact that no rational basis exists for the disparity of punishment between two statutes which contain the same elements cannot be ignored. *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974).

For these reasons, the decision of the trial court

holding that the common-law crime of conspiracy was superseded by MCL 750.157a; MSA 28.354(1) and that the prosecution therefore must be in conformity with that statute is affirmed.

Affirmed.