PEOPLE v GORGON

Docket No. 59478. Submitted September 16, 1982, at Lansing.—Decided November 4, 1982.

Jerome Gorgon was convicted, on his plea of guilty, of inciting, inducing or exhorting another to murder, inciting, inducing or exhorting another to destroy by explosives, and delivery of more than 50 grams but less than 225 grams of cocaine. The Washtenaw Circuit Court, Edward D. Deake, J., sentenced defendant to 8 to 25 years imprisonment on the inciting to murder and inciting to destroy by explosives counts, and to 10 to 20 years on the cocaine count. Defendant appeals only from the conviction for delivery of cocaine. *Held:*

1. The penalty provisions of the controlled substances provisions of the Public Health Code do not violate the equal protection and Due Process Clauses of the United States and Michigan Constitutions.

2. A rational basis exists for classifying cocaine along with narcotic drugs for penalty purposes.

3. The classification scheme in the Public Health Code whereby the severity of the crime is based on the weight of a mixture containing a controlled substance rather than on the weight of the pure substance is related to the object of the legislation and is not violative of equal protection.

4. The Legislature's attempt to control trafficking in cocaine through the imposition of mandatory minimum sentences for delivery of large quantities of cocaine mixtures, while permitting the sentencing court to exercise discretion in the sentencing of persons guilty of second-degree murder, is not a violation of due process.

5. The mandatory minimum penalty provided for the delivery

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 17.

[3, 4] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 48.

Validity of statute imposing mandatory sentence or prohibiting granting of probation or suspension of sentence for narcotics offenses. 81 ALR3d 1192.

of 50 to 225 grams of cocaine does not constitute cruel and unusual punishment.

Affirmed.

1. CONTROLLED SUBSTANCES — COCAINE — EQUAL PROTECTION.

A rational basis exists for classifying cocaine along with narcotic drugs for penalty purposes under the controlled substances statute (MCL 333.7401; MSA 14.15[7401]).

2. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — CONSTITUTIONAL LAW — EQUAL PROTECTION.

The classification scheme contained in the controlled substances provisions of the Public Health Code whereby the severity of the crime is based upon the weight of a mixture containing a controlled substance rather than on the weight of the pure substance contained in the mixture is related to the object of the legislation and is not violative of equal protection (MCL 333.7403; MSA 14.15[7403]).

3. CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — SENTENCING — EQUAL PROTECTION.

The Legislature's attempt to control trafficking in cocaine through the imposition of mandatory minimum sentences for delivery of large quantities of cocaine mixtures, while permitting the sentencing court to exercise discretion in the sentencing of persons guilty of second-degree murder, is not a violation of due process (MCL 333.7401, 750.317; MSA 14.15[7401], 28.549).

4. CONTROLLED SUBSTANCES — PUBLIC HEALTH CODE — CONSTITUTIONAL LAW — CRUEL AND UNUSUAL PUNISHMENT.

The classification scheme contained in the controlled substances provisions of the Public Health Code whereby possession of cocaine is treated as severely as possession of heroin, while unusual and insensible, does not violate the constitutional prohibition against cruel and unusual punishment (US Const, Am XIV, § 1; Const 1963, art 1, § 16; MCL 333.7403; MSA 14.15[7403]).

*Frank J. Kelley,* Attorney Geneeral, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Deputy Chief Assistant Prosecuting Attorney, for the people.

*James H. Warner,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and M. J. KELLY, JJ.

PER CURIAM. In July 1980, defendant met with Gregory Anderson, whom he hired to kill defendant's brother and blow up a church. Defendant also arranged to sell Anderson some cocaine. Defendant thought Anderson was a hit man. In fact, Anderson was an undercover detective. According to the plea transcript, on September 15, 1980, in Wayne County, Gorgon delivered to Anderson by sale approximately 100 grams of cocaine.[1]

Defendant pled guilty to inciting, inducing or exhorting another to murder, MCL 750.157b; MSA 28.354(2), MCL 750.316; MSA 28.548, inciting, inducing or exhorting another to destroy by explosives, MCL 750.157b; MSA 28.354(2), MCL 750.206; MSA 28.403, and delivery of more than 50 grams but less than 225 grams of cocaine, MCL 333.7401; MSA 14.15(7401). August 6, 1981, defendant was sentenced to 8 to 25 years on the inciting to murder and inciting to destroy by explosives counts, and to 10 to 20 years on the cocaine count. Defendant appeals as of right only from his conviction for delivery of cocaine.

Defendant argues that the penalty provisions of the controlled substances provisions of the Public Health Code violate the equal protection and due process clauses of the United States and Michigan Constitutions[2] in that (1) cocaine is not an addictive or harmful drug, yet the code classifies co-

---

[1] According to the prosecutor's brief, Gorgon had 210.8 grams of 78% pure cocaine in his possession, and delivered approximately 70 grams to Anderson. However, we could locate no support for this statement of facts in the record.

[2] US Const, Am XIV, § 1; Const 1963, art 1, §§ 2, 17.

caine with narcotic drugs and provides punishment to the same degree as for delivery of dangerous narcotic drugs such as heroin, (2) the punishment is based on the weight of the mixture containing a controlled substance, regardless of the concentration of the illegal substance, and (3) it imposes a mandatory minimum of ten years imprisonment for delivery of 50 to 225 grams of cocaine, whereas a person convicted of second-degree murder can be sentenced to any term of years.[3]

Defendant's first argument was addressed and rejected in *People v Kaigler,* 116 Mich App 567; 323 NW2d 486 (1982).

Defendant's second argument was rejected by this Court in *People v Campbell,* 115 Mich App 369; 320 NW2d 381 (1982). Although questioning the classification scheme set forth in the statute, the *Campbell* panel concluded the statute was constitutional:

"Although we question the policy implications of this legislative decision, we do not consider it irrational. Street dealers need a source of supply to engage in the illegal sales, but it is equally true that major traffickers need a network of distributors to sell the controlled substance. Thus, it is rational to impose the stiff penalties for possession by mixture because it would tend to deter the ability of traffickers to find street peddlers willing to risk the possession of large, but cut, amounts of an illegal substance. Additionally, the small street vendor of illegal substances tends to attract unsavory elements to a neighborhood or area the way that a major dealer does not. Due to the prohibition on controlled substances, and we do not imply that controlled substances should be legalized, the cost of these drugs is high. Consequently, where small street vendors dealing drugs go, increased problems with crime against area

[3] MCL 750.317; MSA 28.549.

residents generally follow. While, obviously, the major trafficker is ultimately the cause of this crime, his presence in an area does not have the same sort of direct adverse consequences on the local citizenry. Thus, an argument can be made that street pushers are at least as harmful as dealers. No fundamental right is involved here and we conclude that the classification scheme is reasonably related to the object of the legislation." 115 Mich App 373-374.

A similar conclusion was reached in *People v Raymond,* 119 Mich App 413; 326 NW2d 526 (1982). We agree with the decisions in those cases.

Trafficking in sizeable quantities of cocaine is so closely connected with organized crime, and the effects of such trafficking so patently harmful to society, that we do not find the Legislature's attempt to control such crime through the imposition of mandatory minimum sentences for delivery of large quantities of cocaine mixtures, while permitting the sentencing court to exercise discretion in the sentencing of persons guilty of second-degree murder, a violation of due process.

Defendant also challenges the mandatory minimum penalty under the code, arguing that it constitutes cruel and unusual punishment.[4] We disagree for the reasons stated in *Campbell, supra.*

Defendant's conviction for delivery of cocaine is affirmed.

[4] US Const, Am VIII; Const 1963, art 1, § 16.