PEOPLE v HERMIZ

Docket No. 147116. Submitted March 2, 1994, at Detroit. Decided July
    1, 1994; approved for publication November 7, 1994, at 10:00
    A.M. Leave to appeal sought.
  Issam T. Hermiz was convicted by a jury in the Oakland Circuit
    Court, Richard D. Kuhn, J., of conspiracy to possess with intent
    to deliver 650 or more grams of cocaine. The defendant previ-
    ously was convicted in the United States District Court for the
    Middle District of Florida of conspiracy to possess with intent
    to distribute five or more kilograms of cocaine. The defendant
    appealed.
    The Court of Appeals *held:*
    1. The conspiracies in Florida and Michigan did not occur
    during one continuous time sequence or demonstrate a single
    intent and goal. Because the conspiracies were not part of the
    same transaction, the defendant's successive prosecutions do
    not violate the prohibition against double jeopardy.
    2. The defendant was not prejudiced by the prosecutor's
    comments and therefore was not denied a fair and impartial
    trial as a result of those comments.
    Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, and *Robert C. Williams,* Assis-
tant Prosecuting Attorney, for the people.

*James C. Howarth,* for the defendant.

Before: CORRIGAN, P.J., and J. B. SULLIVAN,* and
N. O. HOLOWKA,** JJ.

PER CURIAM. Following a jury trial, defendant

---

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment pursuant to Administrative Order No. 1993-6.
** Circuit judge, sitting on the Court of Appeals by assignment.

was convicted of conspiracy to possess with intent to deliver 650 or more grams of cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), and was sentenced to mandatory life imprisonment without parole. Defendant now appeals as of right, and we affirm.

In October 1989, a federal grand jury in the Middle District of Florida indicted defendant for conspiring to possess with intent to distribute five or more kilograms of cocaine, 21 USC 841(a)(1). In July 1990, defendant was convicted and was sentenced to 211 months' imprisonment. In this same month, an Oakland County grand jury indicted defendant for conspiracy with intent to deliver in excess of 650 grams of cocaine. Defendant's subsequent conviction and sentence is the focus of the present appeal.

Defendant claims on appeal that his state trial for conspiracy with intent to deliver in excess of 650 grams of cocaine constituted double jeopardy in violation of the Michigan statutory provision that forbids trial in narcotics cases in this state's courts where the defendant has been acquitted or convicted of the same act in a federal court or a court of another state. MCL 333.7409; MSA 14.15(7409). Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *People v Mathews,* 197 Mich App 143, 144; 494 NW2d 764 (1992).

> And both Double Jeopardy Clauses incorporate three distinct protections. First, they prohibit a second prosecution of a defendant for the same offense after acquittal. Second, they prohibit a second prosecution of a defendant for the same offense after conviction. Third, they prohibit the imposition of multiple punishments on a defendant for the same offense. [*Id.*]

When analyzing double jeopardy claims, federal courts utilize the "same elements" test for determining whether a subsequent charge is for the same offense as an earlier charge. *People v Mc-Miller,* 202 Mich App 82, 84; 507 NW2d 812 (1993). The courts in Michigan have afforded defendants greater protection and have adopted a "same transaction" test for double jeopardy in the context of successive prosecutions. *People v Bullock,* 440 Mich 15, 28; 485 NW2d 866 (1992); *McMiller, supra* at 85. As enumerated in MCL 333.7409; MSA 14.15(7409):

> If a violation of this article is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state.

Under the "same transaction" test, the prosecutor must join at one trial all charges that grow out of a "continuous time sequence" and that demonstrate "a single intent and goal." *People v Sturgis,* 427 Mich 392, 401; 397 NW2d 783 (1986); *McMiller, supra* at 85. Applying the "same transaction" test to the circumstances of this case, we are not convinced that the various criminal conspiracies that took place in the states of Florida and Michigan occurred in a continuous time sequence or reflected a single intent and goal. Although the two conspiracies appear to have occurred approximately at the same time, the record reveals that the conspiracy in Michigan actually began several years earlier and ended several months after the conspiracy in Florida. The evidence contained within the record fails to indicate that a continuous time sequence existed between the conspiracy that began in Michigan in January 1985 and the

later criminal conspiracy that took place in Florida. There is also no indication in the record that the "single intent and goal" of the conspirators in Florida was to conspire to possess with intent to deliver more than 650 grams of cocaine in Michigan. Accordingly, we find that defendant's right not to be placed twice in jeopardy for the same offense was not violated. This disposition renders it unnecessary to decide whether the interests of Michigan were vindicated by the federal prosecution.

Defendant also claims that he was denied a fair trial by misconduct by the prosecutor. We disagree. The test of misconduct by a prosecutor is whether the defendant was denied a fair and impartial trial. *People v Lawton,* 196 Mich App 341, 353; 492 NW2d 810 (1992); *People v Saunders,* 189 Mich App 494, 496; 473 NW2d 755 (1991). Questions involving misconduct by a prosecutor are decided case by case. *People v Mack,* 190 Mich App 7, 19; 475 NW2d 830 (1991). Upon review of the record, we find that defendant was not prejudiced by the prosecutor's comments.

Affirmed.