PEOPLE v HERMIZ

PEOPLE v KONJA

Docket Nos. 114586, 114587. Argued January 13, 2000 (Calendar Nos. 10-11). Decided June 13, 2000. Rehearing denied *post*, 1216.

Issam T. Hermiz and Najah Konja were convicted in 1990 in federal court in Florida of conspiring to possess with intent to distribute five or more grams of cocaine. In the same month, an Oakland County grand jury indicted them for conspiracy to possess with intent to deliver in excess of 650 grams of cocaine. The defendants moved to quash the state indictment, arguing that the subsequent state prosecution violated their rights under Const 1963, art 1, § 15 not to be put twice in jeopardy for the same offense. The court, Richard D. Kuhn, J., denied the motions after the defendants had been convicted. The Court of Appeals in *Hermiz*, CORRIGAN, P.J., and J. B. SULLIVAN and N. O. HOLOWKA, JJ., affirmed in an opinion per curiam. 207 Mich App 449 (1994) (Docket No. 147116). In *Konja*, BRENNAN and J. M. BATZER, JJ. (FITZGERALD, P.J., concurring), affirmed in an unpublished opinion per curiam (Docket No. 150596). The Supreme Court granted leave to appeal in *Hermiz* and held the application in *Konja* in abeyance. In separate opinions, a majority of the Supreme Court rejected Hermiz' state double jeopardy claim. All justices agreed, however, that Hermiz was entitled to a remand to the trial court to address whether the state prosecution had violated MCL 333.7409; MSA 14.15(7409), which provides that if a violation of article 7 of the Public Health Code is also a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in Michigan. The Court also remanded *Konja* to the trial court for consideration of the same issue. 453 Mich 953 (1996). On remand, the trial court dismissed the charges against the defendants, finding that the successive state prosecutions had violated the statute. The Court of Appeals, McDONALD, P.J., and JANSEN and TALBOT, JJ, affirmed in an opinion per curiam. 235 Mich App 248 (1999) (Docket Nos. 210277, 210278). The people appeal.

The judgment of the Court of Appeals is affirmed by equal division.

Justice TAYLOR, joined by Justices CORRIGAN and YOUNG, would reverse, and stated that the state prosecution was not barred by MCL 333.7409; MSA 14.15(7409) because conspiracy charges are not a violation of article 7 of the Public Health Code for purposes of the statute. The statute does not apply because the conspiracy charges in these cases arose under chapter 24 of the Penal Code, not under article 7 of the Public Health Code.

Justice CAVANAGH, joined by Justice KELLY, would affirm, and stated that the conspiracies were the same act for the purposes of § 7409, and dual prosecution was barred.

While, when viewed alone, the text of § 7409 arguably supports the lead opinion, justice requires that an attempt be made to reconcile it with Michigan's conspiracy statute. Conspiracy comes within article 7 of the Public Health Code because it would be impossible to charge conspiracy to violate article 7 without incorporating an article 7 offense into the conspiracy charge. Although conspiracy to commit a crime may be charged as an offense distinct from the actual perpetration of the underlying crime, but for the underlying crime, there could be no conspiracy. Almost every article of the Public Health Code limits its terms, at some point, to "this article." It is reasonable to conclude that the use of the phrase "this article" indicates only that the provisions of article 7 are limited to offenses related to controlled substances. The interpretation of the lead opinion of "this article" contravenes the purposes of § 7409, and produces an illogical result. It is unnecessary to incorporate conspiracy into the Public Health Code, because the incorporation occurs naturally when conspiracy is charged.

Chief Justice WEAVER stated that § 7409 and the conspiracy statute must be read collectively. Section 7409 is applicable in the present case because conspiracy is necessarily linked to a substantive offense; it would be impossible to charge conspiracy to violate article 7 without incorporating an article 7 offense into the conspiracy charge. Further, the "same act" language of § 7409 bars the subsequent state prosecution in this case, where the facts suggest the existence of a single conspiracy. Because defendants had already been convicted of conspiracy in federal court, the subsequent state prosecution for conspiracy was barred.

Justice MARKMAN took no part in the decision of this case.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *David Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Divi-

sion, and *Robert C. Williams,* Assistant Prosecuting Attorney, for the people.

*Michael J. McCarthy* for the defendant-appellee Hermiz.

*Richard M. Lustig* and *Daniel P. Marcus* for the defendant-appellee Konja.

Amicus Curiae:

*Brian Mackie,* President, *John D. O'Hair,* Wayne County Prosecuting Attorney, *Timothy A. Baughman,* Chief, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the Prosecuting Attorneys Association of Michigan.

TAYLOR, J. (*for reversal*). The question in these consolidated appeals is whether the state of Michigan was barred by MCL 333.7409; MSA 14.15(7409)[1] from indicting defendants for conspiracy to possess with intent to deliver more than 650 grams of a mixture containing cocaine[2] when they had previously been convicted in federal court in Florida of conspiracy to possess with intent to distribute more than five kilograms of cocaine.[3]

I would hold that the state prosecution was not barred by MCL 333.7409; MSA 14.15(7409) because conspiracy charges are not a violation of "this article" (article 7 of the Public Health Code) for purposes of

---

[1] If a violation of this article (article 7 of the Public Health Code) is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state.

[2] MCL 750.157a; MSA 28.354(1) and MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i).

[3] 21 USC 841(A)(1).

the statute. The statute does not apply because the conspiracy charges arose under chapter 24 of the Penal Code,[4] not under article 7 of the Public Health Code. Therefore, I would reverse the judgments of the trial court and Court of Appeals and reinstate defendants' convictions.

I

In July 1990, both defendants were convicted in federal court in Florida of conspiring to possess with intent to distribute five or more grams of cocaine. In the same month, an Oakland County grand jury indicted defendants for conspiracy to possess with intent to deliver in excess of 650 grams of cocaine. Defendants moved to quash the state indictment, arguing that the subsequent state prosecution violated their rights under Const 1963, art 1, § 15 not to be put in jeopardy twice for the same offense. The trial court denied the motions after defendants had been convicted, and the Court of Appeals affirmed.[5]

Both defendants filed applications for leave to appeal with this Court. This Court granted Hermiz' application and held Konja's application in abeyance. In separate opinions, a majority of the Court rejected Hermiz' state double jeopardy claim.[6] All justices agreed, however, that Hermiz was entitled to a

---

[4] MCL 750.157a; MSA 28.354(1) ("Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy punishable as provided herein").

[5] *People v Hermiz*, 207 Mich App 449; 526 NW2d 1 (1994); *People v Konja*, unpublished opinion per curiam, issued June 20, 1995 (Docket No. 150596).

[6] *People v Mezy*, 453 Mich 269; 551 NW2d 389 (1996) (Hermiz' appeal was the companion case to lead defendant Mezy).

remand to the trial court to address whether the state prosecution had violated MCL 333.7409; MSA 14.15(7409). This Court also remanded Konja's case to the trial court for consideration of the same issue.[7] On remand, the trial court dismissed the charges against defendants, finding the successive state prosecutions had violated the statute. On appeal by the prosecution, the Court of Appeals affirmed.[8] This Court subsequently granted leave to appeal to the prosecution.[9]

II

In accordance with our remand orders, the focus in the trial court and the Court of Appeals has been whether the Michigan conspiracy should be considered "the same act" as the Florida conspiracy. However, before oral argument, we permitted amicus curiae Prosecuting Attorneys Association of Michigan to file a brief that argues that the statute does not apply because the defendants' conspiracy convictions were obtained under the Penal Code and not pursuant to article 7 of the Public Health Code.[10]

At oral argument, appellant Oakland County Prosecutor indicated full agreement with the argument of the amicus curiae. The Court explored this issue at oral argument, and we subsequently asked the parties

---

[7] 453 Mich 953 (1996).

[8] *People v Hermiz*, 235 Mich App 248; 597 NW2d 218 (1999).

[9] 461 Mich 880 (1999).

[10] As this Court stated with reference to amicus curiae briefs in *Grand Rapids v Consumers Power Co*, 216 Mich 409, 415; 185 NW 852 (1921): "This court is always desirous of having all the light it may have on the questions before it." Hence, we express our gratitude to amicus curiae PAAM for bringing this dispositive argument to our attention.

to file supplemental briefs addressing the issue. The supplemental briefs have now been filed and the case is ripe for resolution.

I begin by acknowledging that this Court's earlier remand orders arguably assumed, without expressly holding, that the Michigan charges would have been barred if they constituted "the same act" as the Florida conspiracy. As explained below, I am persuaded that this assumption was in error. Given such conclusion, and the fact that it was a mere assumption, as opposed to a contested holding, I am unwilling, to close my eyes to this new dispositive argument.

I also acknowledge that amicus curiae has raised an argument that appellant Oakland County Prosecutor did not argue in the trial court or the Court of Appeals.[11] Absent exceptional circumstances, amicus curiae cannot raise an issue that has not been raised by the parties. *United Parcel Service Inc v Mitchell*, 451 US 56, 60, n 2; 101 S Ct 1559; 67 L Ed 2d 732 (1981). However, this is not a hard and fast rule. See *Teague v Lane*, 489 US 288, 300; 109 S Ct 1060; 103 L Ed 2d 334 (1989) (addressing the question of retroactivity of a habeas corpus petitioner's claim despite the fact that it was raised only in an amicus curiae brief), and *Allen Park Village Council v Allen Park Village Clerk*, 309 Mich 361, 363; 15 NW2d 670 (1944).

It is also the case that, ordinarily, this Court does not review arguments that were not presented below. *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). However, we will allow an issue to be raised for the first time on appeal if we

---

[11] The Oakland County Prosecutor has argued that the statute did not bar the state prosecution because the state conspiracy was not "the same act" as the Florida conspiracy.

are persuaded that its consideration "is necessary to a proper determination of a case." *Prudential Ins Co v Cusick*, 369 Mich 269, 290; 120 NW2d 1 (1963); *Dation v Ford Motor Co*, 314 Mich 152, 160-161; 22 NW2d 252 (1946). Further, in limited circumstances, this Court will address an issue that was not raised by the parties "where justice so required." *Paramount Corp v Miskins*, 418 Mich 708, 731; 344 NW2d 788 (1984). Moreover, pursuant to MCR 7.316(A)(3), we have the authority to permit the reasons or grounds of an appeal to be amended or new grounds to be added.

Frequently it will be more appropriate to remand a new potentially dispositive issue to the trial court or Court of Appeals for initial resolution. *Paramount Corp* at 731. However, given that these cases have already produced three published opinions, have been up and down the appellate ladder over the last decade, and the fact that we have allowed the filing of supplemental briefs, I deem this one of the rare cases where, in the interest of judicial economy and finality, it is appropriate for us to reach an issue not specifically developed below. Thus, having determined that it is necessary to a proper determination of the case, that justice so requires, and having allowed defendants the opportunity to file supplemental briefs addressing the issue, we exercise our discretion pursuant to MCR 7.316(A)(3) and consider the question whether the statute applies to conspiracy charges.

III

MCL 333.7409; MSA 14.15(7409) provides:

> If a violation of this article is a violation of a federal law
> or the law of another state, a conviction or acquittal under
> federal law or the law of another state for the same act is a
> bar to prosecution in this state.

The reference to "this article" in the statute is a reference to article 7 of the Public Health Code, which is the Controlled Substances Act. However, the conspiracy statute is found in chapter 24 of the Penal Code and not in article 7 of the Public Health Code. Nevertheless, it is also the case that defendants were charged with conspiring to violate a crime that is found in article 7 of the Public Health Code, i.e., the predicate substantive offense is part of the Controlled Substances Act.

As we recently stated in *People v Morey*, 461 Mich 325, 329-330; 603 NW2d 250 (1999):

> We review questions of statutory construction de novo. In doing so, our purpose is to discern and give effect to the Legislature's intent. We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written. [Citations omitted.]

Under the plain meaning of the statute, the question is whether the conspiracy charges are a violation of article 7 of the Public Health Code. As previously indicated, they are not. Rather, the conspiracy statute is found in chapter 24 of the Penal Code, not in the Public Health Code/Controlled Substances Act.[12] It simply is not a violation of article 7 of the Public

---

[12] As stated in *People v Justice*, 454 Mich 334, 345-346; 562 NW2d 652 (1997):

Health Code to conspire to commit a crime found in article 7 of the Public Health Code.

My analysis is supported by the fact that the Legislature amended MCL 333.7407a; MSA 14.15(7407a) in 1994 to make it a crime to "attempt," to "solicit," to "induce" or to "intimidate" another into violating "this part." Conspicuously absent from this list is making it a crime to "conspire" to violate "this part." The reference to "this part" in MCL 333.7407a; MSA 14.15(7407a) is to part 74 of article 7 of the Public Health Code. The predicate offense that defendants were charged with conspiring to commit was MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), and this statute is found in part 74 of article 7 of the Public Health Code. The Legislature did not include the word "conspire" in MCL 333.7407a; MSA 14.15(7407a). This omission must be respected by this Court. Indeed, if we were to find that the statute barred the conspiracy charges we would be guilty of rewriting MCL 333.7409; MSA 14.15(7409) as follows:

Conspiracy is defined by common law as a partnership in criminal purposes. Under such a partnership, two or more individuals must have voluntarily agreed to effectuate the commission of a criminal offense. Establishing that the individuals specifically intended to combine to pursue the criminal objective of their agreement is critical because the gist of the offense of conspiracy lies in the unlawful agreement meaning the crime is complete upon formation of the agreement.

The specific intent to combine, including knowledge of that intent, must be shared by two or more individuals because there can be no conspiracy without a combination of two or more. This combination of two or more is essential because the rationale underlying the crime of conspiracy is based on the increased societal dangers presented by the agreement between the plurality of actors. [Citations and internal quotation marks deleted.]

> If a violation of this article *or the penal code* is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state.

We also would be effectively amending MCL 333.7407a; MSA 14.15(7407a) as follows:

> (1) A person shall not attempt *or conspire* to violate this part.
> (2) A person shall not knowingly or intentionally solicit, induce, or intimidate another person to violate this part.

We, of course, should not be willing to amend or to rewrite statutes.[13]

I recognize that under the statutory scheme set up by the Legislature persons who violate the Controlled Substances Act have the protection afforded by MCL 333.7409; MSA 14.15(7409), but persons who conspire to violate the Controlled Substances Act do not have the protection afforded by the statute. This is because the conspiracy statute is found in the Penal Code and not the Public Health Code, and because the Legislature did not include conspiracy in the list of crimes forbidden by MCL 333.7407a; MSA 14.15(7407a).

Justice CAVANAGH's opinion asserts that my interpretation of § 7409 produces an illogical result in contravention of the Legislature's intent. I reject this charge because my interpretation is based on the language of the statute. The inclusion or lack thereof of conspiracy in the list of crimes forbidden by MCL 333.7407a;

---

[13] I note that Justice CAVANAGH's opinion has no answer to this point, apparently being content to issue an opinion that would rewrite the statute. I take comfort in the fact that the Legislature is free to amend MCL 333.7409; MSA 14.15(7409) to make it applicable to conspiracy charges if it so desires.

MSA 14.15(7407a) does not implicate logic. What we have here is merely a choice that the Legislature made that is as "logical" one way as the other.[14] Given this situation, and that the Legislature was acting within its constitutional authority when it did not include conspiracy in the list, the Legislature should not have to suffer judicial interference with the choice made in its legislative product. Indeed, our constitutional duty demands nothing less of us.[15]

---

[14] While the Legislature need not explain its choices to us, it may be that it chose not to include "conspiracy" charges within MCL 333.7407a; MSA 14.15(7407a), and thus within the protection of MCL 333.7409; MSA 14.15(7409), because of the additional danger to society that conspiracies represent.

As stated in *People v Sammons*, 191 Mich App 351, 374; 478 NW2d 901 (1991):

> While the controlled substance provisions of the Public Health Code are designed to protect society from the "patently harmful" effects of drug trafficking, see *People v Gorgon*, 121 Mich App 203, 206-207; 328 NW2d 619 (1982), the purpose of the conspiracy statute is to protect society from the "increased and special danger to society presented by group as opposed to individual activity." *People v Carter*, 415 Mich 558, 569-570; 330 NW2d 314 (1982).

As indicated, distinct social norms are involved. Further, the conspiracy statute, MCL 750.157a; MSA 28.354(1), provides for punishment equal to the substantive crime; it does not impose an hierarchical, harsher penalty on the basis of the presence of aggravating factors. Additionally, as noted in *Carter, supra* at 569:

> It is a settled principle of black-letter law that conspiracy is a crime that is separate and distinct from the substantive crime that is its object. LaFave & Scott, Criminal Law, § 62, p 494; *People v Tinskey*, 394 Mich 108; 228 NW2d 782 (1975); *People v Chambers*, 279 Mich 73; 271 NW 556 (1937).

[15] Justice CAVANAGH's opinion also claims my opinion is inconsistent with *People v Denio*, 454 Mich 691, 695; 564 NW2d 13 (1997). I disagree. In *Denio*, this Court construed the sentencing provision of the conspiracy statute, which provides for punishment "by a penalty equal to that which could be imposed if [the defendant] had been convicted of committing the crime he conspired to commit . . . ." The conspiracy statute thus expressly incorporates the penalty provisions of the offense that is the

IV

In conclusion, while I acknowledge that this Court's prior opinion contributed to a misunderstanding regarding the applicability of MCL 333.7409; MSA 14.15(7409), I do not apologize for refusing to apply the statute under circumstances where it clearly does not apply. It is for all these reasons[16] that I would reverse the judgments of the lower courts and reinstate defendants' convictions.

CORRIGAN and YOUNG, JJ., concurred with TAYLOR, J.

CAVANAGH, J. I would affirm. Like all the tribunals who have previously reviewed this case, I would apply § 7409. By employing a strict reading of § 7409 in isolation, the lead opinion would render § 7409 inapplicable and would make this case appear uncomplicated. Yet, this case is anything but simple. The lead opinion purports to be constrained by principles

---

object of the conspiracy. *Denio* concluded that the term "penalty" encompassed the consecutive sentencing provisions of the Controlled Substances Act. The language of MCL 333.7409; MSA 14.15(7409), in contrast, does not link the statutes. Therefore, MCL 333.7409; MSA 14.15(7409) simply does not include the conspiracy statute within its scope.

[16] Our holding is also supported by the decision of the North Dakota Supreme Court in *State v Meyer*, 356 NW2d 149 (ND, 1984). North Dakota has a statute similar to MCL 333.7409; MSA 14.15(7409) that provides:

If a violation of this chapter is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state. [ND Cent Code, § 19-03.1-28.]

In North Dakota, conspiracy is an offense under a different chapter than the chapter cited in the statute. Thus, the North Dakota Supreme Court held that its statute did not bar a state prosecution for conspiracy where there had been a previous prosecution in another state for a related conspiracy.

of justice, but its treatment of this case is anything but just.

The text of § 7409, when viewed alone, arguably supports the lead opinion. However, we are not constrained to view the text of § 7409 in a vacuum. Statutes should be construed to prevent absurd or illogical results, injustice, or prejudice to the public interest. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998); *Gross v General Motors Corp*, 448 Mich 147, 158-159, 160, 164; 528 NW2d 707 (1995). A statute that appears facially unambiguous may nonetheless be ambiguous when read in relation to other statutes. *People v Jahner*, 433 Mich 490, 496; 446 NW2d 151 (1989). Justice requires that we attempt to reconcile Michigan's conspiracy statute with § 7409.

Although conspiracy is a distinct offense, it is necessarily linked to a substantive offense. To be punishable, conspiracy involves an agreement to commit an act prohibited by law, or an agreement to commit a legal act in an illegal manner. MCL 750.157a; MSA 28.354(1). In the present case, the defendants were charged, under MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) and MCL 750.157a; MSA 28.354(1), with conspiracy to possess with the intent to distribute more than 650 grams of cocaine. Thus, in order to be guilty of the crime charged, it had to be proven that each defendant "conspire[d] together with 1 or more persons," MCL 750.157a; MSA 28.354(1), to "manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance . . . classified in schedule 1 or 2 that is a narcotic drug or a drug described in § 7214a(a)(iv) and . . . [w]hich is in an amount of

650 grams or more of any mixture containing that substance . . . ." MCL 333.7401(1), (2)(a)(i); MSA 14.15(7401)(1), (2)(a)(i).

I submit that conspiracy comes within article 7 of the Public Health Code because it would be impossible to charge conspiracy to violate article 7 without incorporating an article 7 offense into the conspiracy charge. Although conspiracy to commit a crime may be charged as an offense distinct from the actual perpetration of the underlying crime, but for the underlying crime, there could be no conspiracy.

Further, the use of the phrase "this article" in § 7409 is subject to more than one interpretation. Article 7 of the Public Health Code regulates controlled substances. Yet, the Public Health Code otherwise deals with a variety of topics, including the regulation of health professions, the administration of public health programs, and the regulation of hospitals. See MCL 333.1101 *et seq.*; MSA 14.15(1101) *et seq.* The Public Health Code addresses a broad variety of topics, and various articles of the code contain *subject-matter* limitations. In fact, almost every article of the Public Health Code limits its terms, at some point, to· "this article."[1] It is reasonable to conclude that the use of the phrase "this article" indicates only that the provisions of article 7 are limited to offenses related to controlled substances. Conspiracy to possess with the intent to distribute more than 650 grams of cocaine is a controlled substances offense necessarily arising out of article 7. The interpretation of the

---

[1] The following articles of the Public Health Code are limited by the phrase "this article": 5, 6, 7, 12, 15, 17. The phrase "this article" is used no less than 199 times.

lead opinion of "this article" contravenes the purposes of § 7409, and produces an illogical result.[2]

I am further unpersuaded by the lead opinion's theory that conspiracy does not come within the purview of article 7 simply because the article uses the words "solicit" and "induce" rather than the word "conspire." The lead opinion correctly acknowledges the fact that conspiracy to possess a controlled substance can be charged under the penal code. It is unnecessary to incorporate conspiracy into the Public Health Code, because the incorporation occurs naturally when conspiracy is charged.

When one reads the *entire* text of § 7409, it is obvious that § 7409 is designed to prohibit the dual prosecution of an act already prosecuted under federal law or the law of another state. Prohibiting dual prosecutions for a conspiracy arising out of the "same act" comports with both the spirit and the language of § 7409.

In my dissent in *People v Denio*, 454 Mich 691, 714; 464 NW2d 13 (1997), I wrote:

> It seems obvious that the conspiracy statute's reference to the underlying substantive offense is simply a shortcut for allotting prison terms without having to enact separate statutory provisions for conspiracy that are merely repetitions of the allowable prison terms or fines enumerated for

---

[2] The lead opinion incorrectly asserts that I am "content to issue an opinion that would rewrite the statute." *Ante* at 80, n 13. Under my approach, conspiracy need not be written into article 7, because it is inextricably linked to article 7. The Legislature's intent is carried out by respecting the terms of Michigan's conspiracy law *and* § 7409. A collective reading of § 7409 and Michigan's conspiracy statute clearly illustrates that conspiracy to violate article 7 falls within § 7409's reference to "this article."

every underlying substantive offense in the Penal Code and
the controlled substances act.

Similarly, the conspiracy statute is linked to the
underlying substantive offenses of the Public Health
Code even though the Public Health Code does not
explicitly incorporate conspiracy into article 7.[3] Even
the *Denio* majority recognized a link between the
Public Health Code and the conspiracy statute—the
majority held that subsection 7401(3) fell within the
penalty provision of the conspiracy statute. *Denio,
supra* at 703.

In the name of "justice," we are asked to hold that
the Public Health Code and the conspiracy statute
should be read collectively when dually punishing a
defendant, but that a collective reading is impermissi-
ble when the defendant seeks statutorily afforded
protection. It is illogical to conclude that § 7409 can
be used as a sword to attack a defendant's actions
under a conspiracy theory, but that the same defend-
ant cannot raise § 7409's dual prosecution protections
as a shield. I am troubled by the resulting rule if the
lead opinion were read in consolidation with *Denio*.
So read, at least three separate sentences would be

---

[3] In *Denio*, I dissented on the grounds that sentencing should be
imposed according to the terms of the conspiracy statute, rather than by
the terms of the Public Health Code. I continue to believe that the con-
spiracy statute is written in general terms because it will always be linked
to the underlying substantive offense. Even though conspiracy is not
listed as an article 7 offense, for example, conspiracy permeates article 7
by implication. In cases involving conspiracy, it often becomes necessary
to compare the language of the conspiracy statute with the language of
the statute creating the underlying offense. In the present case, it is neces-
sary to determine whether § 7409 envisions a conspiracy charge, and
whether the conspiracy statute mandates a different result than § 7409
would provide.

imposed for the *same* criminal act: the defendant would receive a state sentence for possession, he would receive a consecutive state sentence for conspiracy to possess, and he would receive a dual federal sentence for conspiracy to possess. The lead opinion's casual dismissal of *Denio* fails to negate the fact that its result would comport neither with the purposes of § 7409 nor with this Court's jurisprudential rejection of the dual sovereignty doctrine.

The dual sovereignty doctrine provides that the same underlying transaction can give rise to separate state and federal prosecutions without violating the federal Double Jeopardy Clause. *Bartkus v Illinois*, 359 US 121; 79 S Ct 676; 3 L Ed 2d 684 (1959), and *Abbate v United States*, 359 US 187; 79 S Ct 666; 3 L Ed 2d 729 (1959). This Court expressly rejected the dual sovereignty doctrine in *People v Cooper*, 398 Mich 450, 461; 247 NW2d 866 (1976). When the present case was first appealed to this Court, a minority of justices voted to overrule *Cooper* and adopt the dual sovereignty doctrine. Although *Cooper* survived, today's case brings *Cooper* one step closer to becoming a "hollow shell." *People v Childers*, 459 Mich 216, 227; 587 NW2d 17 (1998) (CAVANAGH, J., dissenting). In the throws of *Mezy's Cooper* discussion, the constitutional double jeopardy challenges brought by the defendants were arguably cast aside so that the case could be statutorily resolved. See *People v Mezy*, 453 Mich 269, 280, 286; 551 NW2d 389 (1996). Today, the lead opinion would carve out yet another exception to the rule that dual prosecutions are not permitted for the same transaction.

I

Because the prior remand of this case was appropriate, I would reach the issues raised by the parties themselves and addressed by the courts below. This Court reviews a trial court's construction of statutes and constitutional provisions de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n*, 437 Mich 75; 467 NW2d 21 (1991). Findings of fact are reviewed for clear error. MCR 2.613(C).

Section 7409 provides as follows: "If a violation of this article is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state." In applying § 7409, it becomes important to determine whether a single conspiracy existed in these cases because a single conspiracy would tend to indicate that the defendants were prosecuted for the "same act" under state and federal law.

The "single conspiracy" issue has been discussed at length during the various stages of these cases. In an amended opinion and order denying defendant's joint motion to quash dated March 17, 1992, the trial court applied the *Thomas*[4] test and concluded that a single conspiracy existed. The court explicitly stated:

> In order to determine whether there was just one conspiracy or multiple conspiracies, this Court must apply the "totality of the circumstances" test, which considers the following factors: 1) time; 2) persons acting as co-conspirators; 3) the statutory offenses charged in the indictments; 4) the overt acts charged by the government or any other description of the offenses charged which indicate

---

[4] *United States v Thomas*, 759 F2d 659 (CA 8, 1985).

the nature and scope of the activity which the government sought to punish in each case; and, 5) places where the events alleged as part of the conspiracy took place.

After applying the test, the court wrote, "The Court, after laboriously considering all these factors, finds that the Federal indictments and the indictments in Oakland County all arose out of the same conspiracy. Thus, Michigan is barred from prosecuting these Defendants unless they can satisfy the requirements laid out in *Cooper, supra*." The trial court then held that dual prosecution was permissible under *Cooper* because the state and federal interests at stake were substantially different.[5]

Separate panels of the Court of Appeals held that the trial court applied the wrong test for determining that a single conspiracy existed, but nonetheless found that neither defendant was placed twice in jeopardy. Both panels concluded that the trial court should have applied the "same transaction test" when determining whether a single conspiracy existed. The same transaction test provides that "the prosecutor must join at one trial all charges that grow out of a 'continuous time sequence,' and that demonstrate 'a single intent and goal.' "[6] Under the single transaction test, the Court of Appeals panels held that more than one conspiracy existed.

This Court then remanded both *Hermiz*[7] and *Konja*,[8] stating that the totality of the circumstances test should be applied, and ordering that the test be

---

[5] Both Hermiz and Konja were parties to the motion to quash, so the quoted language was applicable in both cases.

[6] *People v Hermiz*, 207 Mich App 449, 451; 526 NW2d 1 (1994).

[7] *Mezy, supra* at 286.

[8] 453 Mich 953 (1996).

considered in a manner that put the burden of proof
for overcoming § 7409 on the defendants. At that
time, the focus of this case shifted from *Cooper* and
double jeopardy to an analysis of § 7409. Yet, the
nature of the conspiracy undertaken remained at
issue.

On remand, the trial court rightfully adopted its
previous findings regarding the existence of a single
conspiracy. The trial court's original *Thomas* analysis
would be applicable under § 7409 just as it was appli-
cable under *Cooper*. The people argue that the trial
court applied *Thomas* incorrectly, and urge this Court
to adopt Justice Brickley's conclusion that two dis-
tinct conspiracies existed. I disagree.

The "same act," conspiring to possess and dis-
tribute large quantities of drugs, gave rise to both the
federal and state prosecutions of Hermiz and Konja.
Section 7409 bars prosecution under the totality of
the circumstances test. I am persuaded by the trial
court's findings that the period covered by both pros-
ecutions was nearly identical, that the persons associ-
ated with each indictment were the same, that the
state and federal prosecutions were brought under
the guise of nearly identical statutes, that the federal
and state governments worked together toward the
same end, and that both the federal and state indict-
ments focused on a Florida-Michigan conspiracy. Now
that the issue has been fully briefed, argued, and
appealed, I agree with Chief Justice Weaver's *Mezy*
view that "The people have not demonstrated that the
trial court committed any clear error in its findings of
fact, or that it erred in its application of the constitu-
tional test under *Thomas* in concluding that the peo-

ple failed to carry their burden."[9] Thus, the conspiracies were the "same act" for the purposes of § 7409, and dual prosecution was barred. Accordingly, I would affirm the decision of the Court of Appeals.

KELLY, J., concurred with CAVANAGH, J.

WEAVER, C.J. I agree with Justice CAVANAGH to the extent that he concludes that § 7409 and the conspiracy statute must be read collectively, that § 7409 is applicable in the present case because conspiracy is necessarily linked to a substantive offense, and that it would be impossible to charge conspiracy to violate article 7 without incorporating an article 7 offense into the conspiracy charge.

Further, although in *People v Mezy*, 453 Mich 269, 278-281; 551 NW2d 389 (1996), I would have adopted the dual sovereignty doctrine, thus recognizing the validity of dual federal and state prosecutions, I nonetheless am compelled to conclude that the "same act" language of § 7409 bars the subsequent state prosecution in this case, where the facts suggest the existence of a single conspiracy. Because defendants had already been convicted of conspiracy in federal court, the subsequent state prosecution for conspiracy was barred.

MARKMAN, J., took no part in the decision of this case.

---

[9] In *Mezy*, Chief Justice WEAVER was referring to the constitutional double jeopardy challenge, *id.* at 278, but the same conclusion can now be drawn in the § 7409 context.