PEOPLE v HERMIZ
PEOPLE v KONJA

Docket Nos. 210277, 210278. Submitted December 1, 1998, at Detroit.
   Decided April 13, 1999, at 9:10 A.M. Leave to appeal granted, 461
   Mich ___.
     Issam T. Hermiz was convicted by a jury in the Oakland Circuit Court,
   Richard D. Kuhn, J., of conspiracy to possess with intent to deliver
   in excess of 650 grams of cocaine. Previously, Hermiz had been
   convicted in the United States District Court for the Middle District
   of Florida of conspiracy to possess with intent to distribute five
   kilograms or more of cocaine. The Court of Appeals, CORRIGAN, P.J.,
   and J. B. SULLIVAN and N. O. HOLOWKA, JJ., affirmed the state convic-
   tion, holding that the successive prosecutions did not violate the
   prohibition against double jeopardy because the conspiracies were
   not part of the same transaction. 207 Mich App 449 (1994). The
   Supreme Court affirmed the Court of Appeals ruling regarding
   double jeopardy, but remanded the matter to the trial court for
   consideration of whether the state prosecution violated MCL
   333.7409; MSA 14.15(7409), which bars state prosecution for a con-
   trolled substances crime where the defendant, for the same act, has
   been convicted or acquitted of a controlled substances offense
   under federal law. 453 Mich 269 (1996). On remand, the trial court,
   using the "totality of the circumstances" test as instructed by the
   Supreme Court, determined that a single conspiracy had formed
   the basis for the federal and state prosecutions such that the state
   prosecution was barred by § 7409. The trial court dismissed the
   state charge. The prosecution appealed.
     Najah Konja was convicted by a jury in the Oakland Circuit
   Court, Richard D. Kuhn, J., of conspiracy to possess with intent to
   deliver in excess of 650 grams of cocaine. Previously, Konja had
   been convicted in the United States District Court for the Middle
   District of Florida of conspiracy to possess with intent to distribute
   five kilograms or more of cocaine. The Court of Appeals, FITZGER-
   ALD, P.J., and BRENNAN and J. M. BATZER, JJ., in an unpublished opin-
   ion per curiam, issued June 20, 1995 (Docket No. 150596), affirmed
   the state conviction, holding that the successive prosecutions did
   not violate the prohibition against double jeopardy because the
   conspiracies were not part of the same transaction. The Supreme

Court, in lieu of granting leave, remanded the matter to the trial court for consideration of whether the state prosecution violated MCL 333.7409; MSA 14.15(7409). 453 Mich 953 (1996). On remand, the trial court dismissed the state charge after determining under the totality of the circumstances test that a single conspiracy had formed the basis for the federal and state prosecutions such that the state prosecution was barred by § 7409. The prosecution appealed. The Court of Appeals consolidated the appeals in *Hermiz* and *Konja.*

The Court of Appeals *held:*

The trial court did not clearly err in finding that a single conspiracy had formed the basis for the federal and state prosecutions.

1. The law of the case doctrine does not bind the trial court to follow the rulings by the Court of Appeals that the federal and state prosecutions had arisen from distinct conspiracies. Those rulings were reached under the "same transaction" test for determining whether the prohibition against double jeopardy was violated. However, the Supreme Court instructed the trial court to use the "totality of the circumstances" test to determine whether there were multiple conspiracies for purposes of MCL 333.7409; MSA 14.15(7409). Thus, it is that instruction that is the law of the case concerning the determination whether there were multiple conspiracies.

2. The prosecution's perfunctory arguments concerning alleged errors by the trial court in fact finding with respect to the factors considered under the totality of the circumstances test for determining whether there were multiple conspiracies for purposes of MCL 333.7409; MSA 14.15(7409) are unpersuasive.

Affirmed.

1. APPEAL — LAW OF THE CASE — HIGHER APPELLATE COURTS.

The law of the case announced by a higher appellate court supersedes that set forth by a lower appellate court.

2. CONTROLLED SUBSTANCES — CONSPIRACIES — MULTIPLE PROSECUTIONS — SAME ACTS — TOTALITY OF THE CIRCUMSTANCES TEST.

Prosecution for conspiracy to commit a controlled substances crime under Michigan law is barred where the defendant, for the same act, has been convicted or acquitted of conspiracy to commit a controlled substances crime under federal law or the law of another state; whether one or more conspiracies are involved in multiple prosecutions is determined under the "totality of the circumstances" test, whose factors include time, persons acting as coconspirators, the statutory offenses charged in the indictments, the overt acts charged by the government or any other description

of the offenses charged that indicate the nature and scope of the activity that the government sought to punish in each case, and places where the events alleged as part of the conspiracy took place (MCL 333.7409; MSA 14.15[7409]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David Gorcyca*, Prosecuting Attorney, *Daniel L. Lemisch*, Chief, Appellate Division, and *Robert C. Williams*, Assistant Prosecuting Attorney, for the people.

*Michael J. McCarthy*, for Issam T. Hermiz.

*Richard M. Lustig*, for Najah Konja.

Before: McDONALD, P.J., and JANSEN and TALBOT, JJ.

PER CURIAM. The prosecution appeals as of right from an amended opinion and order dismissing the charges brought against defendants in the Oakland Circuit Court. We affirm.

In October 1989, defendants and seven other persons were indicted in the United States District Court for the Middle District of Florida for conspiring to possess with intent to distribute five kilograms or more of a mixture containing cocaine, 21 USC 841(a)(1). In July 1990, defendants were convicted as charged and sentenced to 211 months' imprisonment. In the same month, an Oakland County grand jury indicted defendants and seven other persons[1] for conspiring to possess with intent to deliver over 650 grams of a mixture containing cocaine, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), and MCL 750.157a; MSA 28.354(1). Following separate

[1] Although both indictments named a total of nine persons, only defendant Hermiz, defendant Konja, and Basil Mezy, were named as defendants in both indictments.

jury trials, defendants were convicted as charged and sentenced to life in prison without parole.

Before their respective trials, defendants each moved to quash the indictment on double jeopardy grounds. The trial court did not immediately rule on defendants' motions. Instead, on March 19, 1992, after the conclusion of both trials and a one-day evidentiary hearing, it issued a written opinion and order denying defendants' motions to quash. Applying the five-part "totality of the circumstances" test described in *United States v Thomas*, 759 F2d 659, 662 (CA 8, 1985), the trial court found that a single conspiracy formed the basis for both indictments. Nevertheless, relying on *People v Cooper*, 398 Mich 450, 460-461; 247 NW2d 866 (1976), it determined that the state prosecution did not violate defendants' double jeopardy rights because Michigan's interests were not satisfied by the federal prosecution. In making its ruling, the trial court indicated that the prosecution bore the burden of proving the existence of multiple conspiracies.

Both defendants appealed to this Court as of right. In defendant Hermiz' case, a panel of this Court applied the "same transaction" test and concluded that the state prosecution did not constitute a double jeopardy violation. See *People v Hermiz*, 207 Mich App 449, 451-452; 526 NW2d 1 (1994). In particular, the *Hermiz* Court explained that it was "not convinced that the various criminal conspiracies that took place in the states of Florida and Michigan occurred in a continuous time sequence or reflected a single intent and goal." *Id.* at 451. In defendant Konja's case, a different panel of this Court affirmed the trial court's order on the same basis. See *People v*

*Konja*, unpublished opinion per curiam of the Court of Appeals, issued June 20, 1995 (Docket No. 150596). Both defendants then sought leave to appeal to the Michigan Supreme Court. Hermiz' application was granted;[2] Konja's was held in abeyance pending the outcome of Hermiz' appeal.

In the Supreme Court, a majority of the justices agreed that Hermiz' double jeopardy rights were not violated by the Michigan prosecution. In the lead opinion, Justice WEAVER, joined by two other justices, reasoned that although the prosecution had failed to establish in the trial court that the federal and state offenses were distinct, there was no double jeopardy violation because the two prosecutions were brought by different sovereigns. See *People v Mezy*, 453 Mich 269, 277-281; 551 NW2d 389 (1996) (WEAVER, J.). Chief Justice BRICKLEY, on the other hand, explained that he would have upheld the result reached by the lower courts on the ground that the evidence showed that the two offenses were distinct See *id.* at 287 (BRICKLEY, C.J.). Neither Justice WEAVER nor Chief Justice BRICKLEY addressed the "same transaction" test relied on by the Court of Appeals.

Despite the majority's conclusion that there was no double jeopardy violation, all seven justices agreed that defendant Hermiz was entitled to relief on appeal in the form of a remand to the trial court for consideration of whether the state prosecution violated MCL 333.7409; MSA 14.15(7409). See *Mezy, supra* at 282-285 (WEAVER, J.), 286 (BRICKLEY, C.J.), 288-289 (LEVIN, J.). Section 7409 provides:

---

[2] In the Supreme Court, defendant Hermiz' appeal was consolidated with an appeal by codefendant Basil Mezy, who was tried with defendant Konja.

> If a violation of this article is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state.

The justices also agreed that, on remand, the trial court should use the five-part "totality of the circumstances" test to "make a determination of whether there were multiple conspiracies." See *id.* at 284-285 (WEAVER, J.), 286 (BRICKLEY, C.J.), 294 (LEVIN, J.). The lead opinion described the inquiry as follows:

> In order to determine what the extent of the agreement is, so that we may determine whether there are two conspiracies or only one, we will use the same "totality of the circumstances" test used in constitutional double jeopardy analysis. This test includes the following factors: 1) time, 2) persons acting as coconspirators, 3) the statutory offenses charged in the indictments, 4) the overt acts charged by the government or any other description of the offenses charged that indicate the nature and scope of the activity that the government sought to punish in each case, and 5) places where the events alleged as part of the conspiracy took place. The essence of the determination is whether there is one agreement to commit two crimes, or more than one agreement each with a separate object. *United States v Thomas, supra.* [*Mezy, supra* at 285.]

Finally, the Court explained that the defendant, rather than the prosecution, should bear the burden of establishing the existence of a bar to prosecution under § 7409. See *Mezy, supra* at 282-283 (WEAVER, J.), 286 (BRICKLEY, C.J.), 296 (LEVIN, J.).

In lieu of granting defendant Konja's application for leave to appeal, the Supreme Court remanded his case to the trial court for consideration of the same issue. See *People v Konja*, 453 Mich 953 (1996).

On remand, defendants argued that they could meet their burdens of production and persuasion by relying on the existing record. The trial court agreed, and expressly adopted its findings from the March 19, 1992, opinion and order. In the 1992 order, the trial court applied the "totality of the circumstances" test and found that a single conspiracy formed the basis for both indictments.[3] Accordingly, the trial court dismissed the charges against defendants on the ground that the state prosecution was barred by § 7409.

The prosecution appealed as of right to this Court and the cases were consolidated. We will address both cases together because the facts and arguments with respect to each defendant are nearly identical.

The prosecution first argues that the trial court's opinion on remand was in violation of the "law of the case" doctrine. We disagree. The law of the case doctrine provides that "an appellate court's determination of law will not be differently decided on a subsequent appeal in the same case if the facts remain materially the same." *People v Kozyra*, 219 Mich App 422, 433; 556 NW2d 512 (1996). The determination of an appellate court is likewise binding on lower courts. See *People v Whisenant*, 384 Mich 693, 702-703; 187 NW2d 229 (1971).

Specifically, the prosecution argues that the trial court was bound by the previous rulings of this Court that the state and federal indictments arose from "distinct conspiracies." As noted, this Court previously held in both cases that the conspiracies were distinct for double jeopardy purposes under the "same trans-

---

[3] In effect, the trial court's decision on remand amounted to nothing more than an acknowledgment that its earlier finding remained valid despite the shift in the burden of proof to defendants.

action" test. With full knowledge of these rulings, the Supreme Court subsequently ordered the trial court to determine on remand whether there were multiple conspiracies under the "totality of the circumstances" test. "Where a case is taken on appeal to a higher appellate court, the law of the case announced in the higher appellate court supersedes that set forth in the intermediate appellate court." *Johnson v White*, 430 Mich 47, 53; 420 NW2d 87 (1988). Accordingly, the prosecution's argument is without merit.

The prosecution next argues that the trial court erred in its determination that a single conspiracy formed the basis for both indictments. We disagree. As an initial matter, we must address the standard of review. The prosecution contends that the propriety of the trial court's application of § 7409 presents a question of law to be reviewed de novo. This would be true if our resolution of the issue turned on a question of statutory interpretation. See, e.g., *People v McIntire*, 232 Mich App 71, 84; 591 NW2d 231 (1998). In this instance, however, the question before the trial court was factual in nature. The Supreme Court instructed the trial court to determine, as a matter of fact, whether there were multiple conspiracies. Accordingly, our review is for clear error. MCR 2.613(C); MCR 6.001(D). A finding of fact is considered "clearly erroneous" if, after review of the entire record, the appellate court is left with a definite and firm conviction that a mistake has been made. *People v Gistover*, 189 Mich App 44, 46; 472 NW2d 27 (1991).

Given the standard of review, it is not our task on appeal to engage in an application of the "totality of the circumstances" test de novo. Nevertheless, because the prosecution's argument on appeal is

framed in terms of the various factors of that test, we will address each factor individually. The first factor is "time." Here, the federal indictment charged that defendants and others conspired to possess with intent to deliver cocaine "[b]etween on or about the Spring of 1987 and continuing to and including on or about June 23, 1989." The state indictment charged that defendants and others conspired to possess with intent to deliver cocaine "from on or about January, 1985, to on or about August 1989, said dates being approximate." Thus, although the state indictment alleged a conspiracy of longer duration, the period in the state indictment completely encompassed the period in the federal indictment. The trial court cited this fact as evidence weighing in favor of finding a single conspiracy. On appeal, the prosecution notes the difference in duration, but offers nothing to dispute the trial court's logic.

The second factor to be considered in the "totality of the circumstances" test is the "persons acting as coconspirators." Here, only defendants and Mezy were named as defendants in both indictments. After acknowledging this fact, the trial court noted that Ed Ballo (who was named as a defendant on the federal indictment) testified against defendants in the state case. The trial court also noted that Fernando Nino, Gabriel Nino, and Hector Alvarez (three other persons named as defendants in the federal indictment) were "repeatedly mentioned in the [state] indictment and surrounding exhibits." Accordingly, the trial court concluded that the same actors were involved in the activities charged in both indictments. Without addressing the specific facts cited by the trial court, the prosecution merely states in its argument on

appeal that "[t]he sparsity [sic] of common co-conspirators is indicative of the fact that two separate conspiracies existed." Having said this, the prosecution again offers nothing to dispute the trial court's logic.

The third factor is "the statutory offenses charged in the indictments." The prosecution concedes that the statutory offenses charged in both indictments were "similar."

The fourth factor involves analysis of the descriptions of the offenses charged for purposes of determining the nature and scope of the activity sought to be punished in each case. With respect to this factor, the prosecution argues in conclusory fashion that the overt acts listed in the state indictment describe a conspiracy to deliver drugs in Michigan while the activities listed in the federal indictment describe a conspiracy to distribute drugs in Florida. Although both indictments describe activities related to the distribution of drugs and activities taking place in Florida and Michigan, the conclusion urged by the prosecution is not readily apparent. When the trial court analyzed this factor, it went beyond the face of the indictments themselves to consider information from a wide variety of sources. The prosecution, however, fails to address these additional sources of information in its argument on appeal.

The final factor is the "places where the events alleged as part of the conspiracy took place." In its opinion and order, the trial court noted that it was "clear" that "the primary places involved [in both indictments] are Southeastern Michigan and Florida." The prosecution, on the other hand, concludes in its argument on appeal that "[v]irtually all the criminal

activity in the federal case took place in Florida." Once again, in so doing, the prosecution fails to explain the basis for its conclusion.

In sum, the prosecution has offered nothing in its rather perfunctory argument on appeal that would indicate "clear error" on the part of the trial court. As the appellant, it was required to do more than merely announce its position and leave it to this Court to discover and rationalize the basis for its claims. See *People v Norman*, 184 Mich App 255, 260; 457 NW2d 136 (1990); *People v Heard*, 31 Mich App 439, 447; 188 NW2d 24 (1971), rev'd on other grounds 388 Mich 182; 200 NW2d 73 (1972). After reviewing the record, we are not left with a definite and firm conviction that a mistake has been made. *Gistover*, *supra* at 46. Accordingly, we hold that the trial court did not err as alleged.

Affirmed.