*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

OUDONE DON THIENGTHAM,

Defendant-Appellant.

UNPUBLISHED
November 30, 2023

No. 361906
Wayne Circuit Court
LC No. 20-003056-01-FC

Before: BOONSTRA, P.J., and BORRELLO and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right following his jury trial conviction of second-degree murder, MCL 750.317. Defendant was sentenced to 13½ to 30 years' imprisonment. We affirm.

On May 14, 2020, defendant paid $10 to Anton Mason for marijuana at the Riviera Motel (the "Riviera"). After Mason did not return with the marijuana, defendant went to the upper corridor and knocked on Mason's door in an attempt to get his $10 back. One of the occupants of the room opened the door and engaged in a heated discussion with defendant. The exchange included one of the occupants shoving defendant, defendant kicking the door, and the victim, Raymond Kidd, seeming to fire a taser in defendant's direction. When defendant turned to leave and took a few steps away from the room, Kidd came after defendant and struck defendant with a chain. In response, defendant kicked Kidd in the chest. Shortly thereafter, Kidd dropped the chain and ran away from defendant. Defendant chased after Kidd, engaged in a physical fight, and ultimately stabbed Kidd multiple times in the abdomen. Defendant said he chased after Kidd because he was "pissed" at Kidd for hitting him with the chain. Next, defendant briefly fought with Mason, but after the two men engaged in a short standoff, Mason retreated to his room and defendant walked away. Kidd subsequently died from the stab wounds defendant inflicted.

Prior to the trial judge reading the jury instructions to the jury, defense counsel expressed satisfaction with the jury instructions. Included in the jury instructions was M Crim JI 16.8, the jury instruction for voluntary manslaughter as an independent offense. At the conclusion of the trial, the jury found defendant guilty of the crime charged—second-degree murder. Defendant appeals.

Defendant filed a motion for a new trial in the trial court with a request for a *Ginther*[1] hearing premised on the same arguments defendant now raises on appeal. Defendant argued he was entitled to a new trial because the jury instructions contained definitions of second-degree murder and voluntary manslaughter that were nearly identical, and the instructions did not apprise the jury of the situations which would reduce second-degree murder to voluntary manslaughter. Specifically, defendant claimed the instruction for voluntary manslaughter as a lesser included offense of second-degree murder should have been given instead of the independent voluntary manslaughter instruction because the independent voluntary manslaughter instruction is nearly indistinguishable from the second-degree murder instruction. Defendant claimed this prejudiced him because a properly instructed jury could have returned a verdict for voluntary manslaughter.

Defendant also argued that defense counsel's statement, that he was satisfied with the jury instructions, constituted a forfeiture, not a waiver. Because a waiver is the intentional relinquishment of a right, defendant argued defense counsel's apparent failure to realize the jury instructions were improper and challenge them should merely be considered a forfeiture, not a waiver. Defendant admitted current Michigan Supreme Court caselaw identifies a defense attorney's affirmative expression of satisfaction with the trial court's jury instructions as a waiver of any defects therewith, but claimed that approach is contrary to Michigan's historic approach to reviewing unpreserved error. Accordingly, defendant conceded this issue was suited for the Michigan Supreme Court given that lower courts are unable to overrule Michigan Supreme Court precedent.

Alternatively, defendant argued defense counsel was ineffective for acquiescing to faulty jury instructions, and this deprived defendant of his right to a properly instructed jury because the jury was given instructions that did not outline the scienter difference between second-degree murder and voluntary manslaughter. Defendant concluded this error entitled him to a new trial, or, at a minimum, to a *Ginther* hearing to further develop the record.

In response, the prosecution argued defendant waived his right to challenge the jury instructions when defense counsel expressed satisfaction with the instructions. The prosecution further alleged a rational trier of fact would not have convicted defendant of voluntary manslaughter even if different instructions were read because the circumstances surrounding the second-degree murder were not such that a reasonable person would lose control, and because defendant instigated the conflict and pursued the victim before stabbing him. Further, because the jury rejected defendant's self-defense claim, the prosecution argued it was unlikely the jury would have convicted defendant of voluntary manslaughter had it been given a different instruction given that defendant's self-defense argument mirrored his voluntary manslaughter provocation argument. Accordingly, defendant failed to show that defense counsel's "actions affected the outcome of his trial." Therefore, defendant cannot prove defense counsel's allegedly deficient performance prejudiced him.

At the hearing on defendant's motion for a new trial and *Ginther* hearing, the trial court concluded defendant waived his right to challenge the jury instructions when defense counsel

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

expressed satisfaction with the instructions. The trial court also found defendant failed to prove defense counsel was ineffective. The trial court then denied defendant's motion.

On appeal, defendant argues he is entitled to a new trial because the jury instruction given for voluntary manslaughter was improper. We conclude defendant is not entitled to a new trial on the basis of instructional error because defense counsel expressed satisfaction with the jury instructions, thereby waiving any claim of error.

To preserve an instructional error, a defendant must object to the jury instruction in the trial court. *People v Head*, 323 Mich App 526, 537; 917 NW2d 752 (2018); see also *People v Craft*, 325 Mich App 598, 605; 927 NW2d 708 (2018) ("If a party fails to object to the trial court's instructions, then the party has failed to preserve the objection for appellate review.") (citation omitted). Defense counsel did not object to the voluntary manslaughter jury instruction; rather, counsel expressed satisfaction with the instructions. Thus, the issue is waived in the context of defendant's instructional error argument, and there is no error for this panel to review.

"A criminal defendant has the right to have a properly instructed jury consider the evidence against him." *Head*, 323 Mich App at 537. "Jury instructions must clearly present the case and the applicable law to the jury. The instructions must include all elements of the charged offenses and any material issues, defenses, and theories if supported by the evidence." *Id*. (citation omitted). "[A]n imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *Id*. (citation omitted).

A defense attorney's "affirmative expression of satisfaction with the trial court's jury instruction waive[s] any error" with the jury instructions. *People v Chapo*, 283 Mich App 360, 372-373; 770 NW2d 68 (2009) (citation omitted); see also *People v Carter*, 462 Mich 206, 219-220; 612 NW2d 144 (2000) (holding a trial attorney's expressed satisfaction with a jury instruction constitutes a waiver). In *Head*, a panel of this Court held that the defendant waived appellate review of any instructional error when his defense attorney approved the trial court's jury instructions. *Head*, 323 Mich App at 537. The *Head* panel also held that the "waiver extinguishe[d] any error" with the instructions, "meaning that there [was] no error to review." *Id*. (citation omitted). Here, defense counsel waived any error with the jury instructions when he responded, "yes," to the trial court's question of whether he was "satisfied with the jury instructions." Because defense counsel's waiver extinguished any error, defendant is not entitled to a new trial on this basis.

Defendant also argues defense counsel's expressed satisfaction with the jury instructions constituted a forfeiture, not a waiver. Defendant contends defense counsel could not have voluntarily relinquished defendant's right to challenge the error with the voluntary manslaughter instruction where there was no evidence defense counsel knew about the error when he expressed satisfaction with the jury instructions. Defendant preserved his claim that defense counsel's failure to object to the jury instructions constituted a forfeiture, not a waiver, by raising this issue in a motion for a new trial and *Ginther* hearing. See *People v Zitka*, 325 Mich App 38, 48; 922 NW2d 696 (2018) ("For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court."); see also *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020) (concluding that an issue needs to either be raised in or addressed by the

lower court to be preserved, but not both). We conclude defense counsel's stated satisfaction with the jury instructions waived defendant's right to subsequently challenge the instructions regardless of whether he perceived the error with the voluntary manslaughter instruction at the time he expressed satisfaction with the instructions.

"For preserved constitutional errors . . . the reviewing court must determine whether the beneficiary of the error has established that it is harmless beyond a reasonable doubt." *People v Houthoofd*, 487 Mich 568, 587; 790 NW2d 315 (2010); see *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011) (holding whether a defense attorney waived or forfeited his or her client's right to challenge the jury instructions is a constitutional issue).

A defense attorney's "affirmative expression of satisfaction with the trial court's jury instruction waive[s] any error" with the jury instructions. *Chapo*, 283 Mich App at 372-373 (citation omitted); see also *Carter*, 462 Mich at 219-220 (holding a trial attorney's expressed satisfaction with a jury instruction constitutes a waiver). Waiver of instructional error precludes appellate review of instructional error. *Head*, 323 Mich App at 537. At trial, defense counsel expressed satisfaction with the jury instructions when he responded, "yes," to the trial court's question of whether defense counsel was "satisfied with the jury instructions." Defendant contends defense counsel could not have waived the voluntary manslaughter instructional error because there was no evidence indicating defense counsel was aware of the error, and waiver is defined as the intentional relinquishment of a known right.

The defendant in *Kowalski* raised a similar argument, claiming the defense attorney merely forfeited the defendant's right to challenge the jury instructions because he said he had no objection to the instructions, without affirmatively stating he approved the instructions. *Kowalski*, 489 Mich at 504. The Michigan Supreme Court rejected that argument, concluding that the defense attorney's "unequivocal indications that he approved of the instructions" waived the defendant's right to subsequently challenge the jury instructions. The Court stated, "[t]o hold otherwise would allow counsel to harbor error at trial and then use that error as an appellate parachute." *Id*. at 505 (quotation marks and citation omitted).

Defendant argues *Kowalski* should be overruled because its approach to waiver is inconsistent with Michigan's historic approach to reviewing unpreserved error, but defendant admitted that only the Michigan Supreme Court can overturn *Kowalski*. This Court lacks the authority to overrule a Supreme Court decision. See *People v Hermiz*, 235 Mich App 248, 254; 597 NW2d 218 (1999), aff'd 462 Mich 71 (2000) (holding appellate court decisions are binding on lower courts). *Kowalski* clearly states a defense attorney's expressed satisfaction with the jury instructions waives a defendant's right to subsequently challenge the jury instructions. *Kowalski*, 489 Mich at 504. Given defense counsel's expressed satisfaction with the jury instructions, we reject defendant's argument.

Finally, defendant argues defense counsel's performance was deficient because he did not object to the improper jury instruction. We conclude defendant failed to prove defense counsel's presumptive strategic decision not to contest the jury instructions was unreasonable. Therefore, defendant failed to prove he was denied the effective assistance of counsel.

"A claim of ineffective assistance of counsel presents a mixed question of fact and constitutional law." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted). "A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Id*. Clear error exists where the reviewing court is left with a "definite and firm conviction" that the lower court made a mistake. *Id*.

A criminal defendant's right to a fair trial includes the right to effective assistance of counsel. *Id*. "Trial counsel is ineffective when counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. (quotation marks and citation omitted). "Trial counsel's performance is presumed to be effective, and defendant has the heavy burden of proving otherwise." *Id*. "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "If counsel's strategy is reasonable, then his or her performance was not deficient." *Isrow*, 339 Mich App at 532 (citation omitted).

At the close of proofs and arguments, the trial court herein read M Crim JI 16.8, the jury instructions for voluntary manslaughter as an independent charge, instead of M Crim JI 16.9, the instructions for voluntary manslaughter as a lesser included offense of the second-degree murder charge.

The trial court provided the following instruction for second-degree murder:

> First, that the defendant caused the death of Raymond Kidd. That is, that Raymond Kidd died as a result of the defendant stabbing him.
>
> Second, that the defendant had one of these three states of mind: He intended to kill or he intended to do great bodily harm to Raymond Kidd or knowingly created a very high risk of death or great bodily harm, knowing that death or such harm would be the likely result of his actions.
>
> Third, that the killing was not justified, excused, or done under circumstances that reduce it to a lesser crime.

The trial court gave the following instruction for voluntary manslaughter:

> First, that the defendant caused the death of Raymond Kidd. That is, that Raymond Kidd died as a result of the defendant stabbing him.
>
> Second, that the defendant had one of these three states of mind: He intended to kill or he intended to do great bodily harm to Raymond Kidd or knowingly created a very high risk of death or great bodily harm, knowing that death or such harm would be the likely result of his actions.
>
> Third, that the defendant caused the death without lawful excuse or justification.

M Crim JI 16.5 and M Crim JI 16.8 only slightly differ on the third prong. However, the instruction in M Crim JI 16.9 are very different from M Crim JI 16.5 and 16.8.

(1) The crime of murder may be reduced to voluntary manslaughter if the defendant acted out of passion or anger brought about by adequate cause and before the defendant had a reasonable time to calm down. For manslaughter, the following two things must be present:

(2) First, when the defendant acted, [his / her] thinking must be disturbed by emotional excitement to the point that a reasonable person might have acted on impulse, without thinking twice, from passion instead of judgment. This emotional excitement must have been the result of something that would cause a reasonable person to act rashly or on impulse. The law does not say what things are enough to do this. That is for you to decide.

(3) Second, the killing itself must result from this emotional excitement. The defendant must have acted before a reasonable time had passed to calm down and return to reason. The law does not say how much time is needed. That is for you to decide. The test is whether a reasonable time passed under the circumstances of this case. [M Crim JI 16.9.]

The "use notes" in M Crim JI 16.8 dictate that M Crim JI 16.9 should be used when voluntary manslaughter is only being considered as a lesser included offense of murder. Though, pursuant to MCR 2.512(D)(1), a model jury instruction and its "use notes" are not binding on a trial court, the Michigan Supreme Court recently held jury instructions for voluntary manslaughter are inadequate if they fail to "present to the jury the differing states of mind required for murder and voluntary manslaughter." *People v Yeager*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 164055); slip op at 17 (holding jury instructions for murder and voluntary manslaughter must inform the jury of the distinct difference in mental state between murder and voluntary manslaughter). Because the instructions given for second-degree murder and voluntary manslaughter did not discuss the provocation necessary to negate malice and mitigate second-degree murder to voluntary manslaughter, the trial court erred by reading M Crim JI 16.8 instead of M Crim JI 16.9. See *People v Mitchell*, 301 Mich App 282, 287; 835 NW2d 615 (2013) (explaining that, in order for provocation to rise to the level that it negates malice and mitigates second-degree murder to voluntary manslaughter, it must be such that it would cause a reasonable person to lose control).

Although the trial court erroneously read M Crim JI 16.8 instead of M Crim JI 16.9, the voluntary manslaughter instruction defense counsel agreed to was still an available instruction. Furthermore, defense counsel may have strategically chosen not to request the alternative instruction because, if the jury had not been convinced defendant committed second-degree murder, having a voluntary manslaughter instruction that sounded almost identical to the second-degree murder instruction may have led the jury to acquit defendant altogether. See *Isrow*, 339 Mich App at 532 ("If counsel's strategy is reasonable, then his or her performance was not deficient.") (citation omitted). There appears to be at least one reasonable explanation supporting defense counsel's decision not to challenge the jury instructions; accordingly, defendant has not overcome the "strong presumption that trial counsel's decision-making [was] the result of sound

trial strategy." *Trakhtenberg*, 493 Mich at 51 (citation omitted).  Therefore, we reject defendant's claim that he was denied the effective assistance of counsel.

Affirmed.

/s/ Mark T. Boonstra
/s/ Stephen L. Borrello
/s/ Kathleen A. Feeney