*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOMIA PEFOK,

        Defendant-Appellant.

UNPUBLISHED
June 13, 2024

No. 363472
Oakland Circuit Court
LC No. 2021-277254-FH

Before: MURRAY, P.J., and RIORDAN and D. H. SAWYER*, JJ.

PER CURIAM.

Defendant appeals as on leave granted[1] his guilty-plea convictions for possession with intent to deliver less than 50 grams of fentanyl, MCL 333.7401(2)(a)(*iv*), and possession with intent to distribute an imitation controlled substance, MCL 333.7341(3). Defendant was sentenced to 60 days in jail, followed by a 36-month probation. We affirm.

## I. FACTUAL BACKGROUND

This case arises from a search and seizure of defendant's vehicle after a traffic stop in Auburn Hills. Defendant was charged with possession with intent to deliver less than 50 grams of fentanyl and possession with intent to distribute an imitation controlled substance. Defendant then moved to suppress all evidence of suspected drugs discovered during the search of his vehicle, arguing that the evidence was obtained in violation of his right against unreasonable searches and seizures under both the state and federal constitutions. Specifically, defendant argued that there was no basis upon which to lawfully stop him, and that the police officers' action of impounding

---

[1] The Supreme Court ordered that we consider defendant's appeal as on leave granted, *People v Pefok*, 512 Mich 957 (2023) (ZAHRA and VIVIANO, JJ., dissenting), after we had denied defendant's application for leave to appeal "for lack of merit in the grounds presented," *People v Pefok*, unpublished order of the Court of Appeals, entered February 6, 2023 (Docket No. 363472).

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

his vehicle was a pretext in order to perform an inventory search and look for evidence of criminal activity.

A two-day evidentiary hearing was held on the motion. The only witness was Auburn Hills Police Officer Andrew Anderson, who testified that, on April 11, 2021, he and his partner were patrolling in a marked police cruiser near an Auburn Hills gas station. At approximately 1:30 a.m., a vehicle entered the gas station parking lot through the north entrance and "quickly cut through the parking lot and [used] the west exit" onto Opdyke road. The vehicle did not make a stop at the gas station or even slow down while passing through the parking lot. When the vehicle exited the parking lot, it "use[d] a turn signal but [not until] the vehicle was already on Opdyke."

Once the vehicle was on Opdyke, Officer Anderson initiated a traffic stop because "the vehicle quickly use[d] the parking lot to avoid a traffic signal, fail[ed] to come to a complete stop leaving the private drive, and fail[ed] to signal" its turn onto Opdyke. After approaching the vehicle, Officer Anderson advised defendant, the sole occupant of the vehicle, of the reason for the stop. Defendant did not have his driver's license or proof of insurance for the vehicle. Because defendant did not possess his driver's license, Officer Anderson independently confirmed that defendant did have a valid driver's license, and that the vehicle was uninsured. Officer Anderson testified that, although he "could have arrested [] defendant for not having his operator's license on his person" and "for driving recklessly," defendant had only been detained at that time.

After defendant refused to consent to the search of the vehicle, Officer Anderson arrested defendant for reckless driving, not carrying his driver's license on his person, and having no insurance on the vehicle. He then "impounded [the vehicle] for reckless driving" and because police department policy stated that vehicles could not be left on the roadway after an arrest. Officer Anderson called for a tow truck and then began to inventory the vehicle in accordance with the Auburn Hills Police Department Vehicle Impound Procedures. A small plastic bag of a white powdery substance, as well as "[a] large sum of pills," were found. After Officer Anderson concluded the inventory and the tow truck arrived, defendant's vehicle was towed and defendant was brought to the police station. The bag of white substance found in the vehicle was confirmed to be cocaine, and the pills were determined to be fentanyl.

At the close of the hearing, the trial court ruled that, based on the totality of the circumstances, the officers had a "valid reason" to stop defendant's vehicle after defendant recklessly drove through the gas station parking lot and failed to use a turn signal before leaving the lot. Additionally, the court concluded that, based on "defendant's no operator license on [his] person and lack of insurance [on the vehicle], the police had a right to proceed with an inventory search consistent with [department] policies." Thus, the court concluded the "search was not pretextual" and that the officers did not violate defendant's Fourth Amendment rights. The trial court subsequently denied defendant's motion to suppress.

Defendant then conditionally pleaded guilty to both charges, specifically reserving the right to appeal the trial court's ruling on his motion to suppress the evidence. In May 2022, defendant then sought delayed interlocutory leave to appeal from the trial court's order denying his motion, arguing the stop of the vehicle itself was pretextual, and thus, the traffic stop and the following search were unconstitutional. This Court denied defendant's application for "lack of merit in the grounds presented." *People v Pefok*, unpublished order of the Court of Appeals, entered June 8,

2022 (Docket No. 361507). On June 16, 2022, the trial court then sentenced defendant to 60 days in jail and a following probation term of 36 months.

## II. LAW OF THE CASE DOCTRINE

As a preliminary matter, the prosecution argues defendant's current issue on appeal is the same as the one raised in the prior application, which we had denied for lack of merit, and thus is barred by the law of the case doctrine.

"The law of the case doctrine provides that an appellate court's determination of law will not be differently decided on a subsequent appeal in the same case if the facts remain materially the same." *People v Hermiz*, 235 Mich App 248, 254; 597 NW2d 218 (1999) (quotation marks and citation omitted). This applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000). Here, defendant is not raising the same issue he advanced during his prior interlocutory appeal. In that application for leave to appeal defendant argued that the initial *traffic stop* was pretextual and unconstitutional. Defendant did not advance an argument concerning whether the *inventory search* was pretextual, which is exclusively what defendant argues in this appeal. Thus, defendant's current issue was not actually decided in the prior appeal, and the law of the case doctrine does not apply.

## III. STANDARD OF REVIEW

Our "review of a lower court's factual findings in a suppression hearing is limited to clear error, and those findings will be affirmed unless we are left with a definite and firm conviction that a mistake was made." *People v Simmons*, 316 Mich App 322, 325; 894 NW2d 86 (2016) (quotation marks and citation omitted). Thus, "[t]he trial judge's resolution of a factual issue is entitled to deference" on review of a motion to suppress. *People v Farrow*, 461 Mich 202, 209; 600 NW2d 634 (1999). We review the trial court's findings of fact for clear error, but review de novo the trial court's application of the law and "ultimate decision on a motion to suppress." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). We also review "de novo whether the Fourth Amendment was violated and whether an exclusionary rule applies." *Id*.

## IV. INVENTORY SEARCHES

Defendant argues that the trial court erred when it determined the inventory search of his vehicle was not pretextual, and therefore not an unreasonable search and seizure.

Both the United States and Michigan Constitutions guarantee the right against unreasonable searches and seizures. Searches and seizures, under both the United States Constitution and the Michigan Constitution, must "be conducted reasonably, and in most cases that requires issuance of a warrant supported by probable cause, in order for the results to be admissible." *People v Toohey*, 438 Mich 265, 270; 475 NW2d 16 (1991).

"An inventory search that is conducted pursuant to standardized police procedure is considered reasonable because the resulting intrusion will be limited to the extent it is necessary to fulfill the caretaking function." *Id*. at 275-276. However, "the inventory search [can]not be[] a

pretext for the police to conduct an investigative search of an arrested person's personal property without a warrant." *Id*. at 276. "The lack of an underlying motive or bad faith by the police in conducting an inventory search is an important aspect which courts must consider in determining the validity of such a search." *Id*. Additionally, "if the automobile is left unattended after the operator has been placed under arrest, the police are entitled to exercise their judgment regarding whether to impound." *Id*. at 286. "The officer is authorized to impound the automobile only if it is determined that it would be left unattended." *Id*. at 287.

Here, the impoundment and subsequent inventory of defendant's vehicle were reasonable. It is undisputed that defendant did not have his driver's license on his person during the encounter, which is a misdemeanor. See MCL 257.311; MCL 257.901(1). Additionally, defendant could not provide proof of insurance for his vehicle, which is a civil infraction. See MCL 257.328(1). Officer Anderson also verified that defendant's vehicle was not insured, which is another misdemeanor. See MCL 500.3102(2). Thus, Officer Anderson had sufficient cause to arrest defendant for his misdemeanor offenses. See MCL 764.15(1)(a) (allowing an officer to arrest an individual without a warrant if a misdemeanor is committed in the officer's presence).[2]

It is also undisputed that defendant's vehicle had been stopped on the side of a public road, and because the vehicle was uninsured, the vehicle could not have been driven away by anyone. See MCL 500.3102(2) (requiring automobile insurance for any vehicle driven on a public roadway). Additionally, because defendant was the only occupant of the vehicle, after his valid arrest there was no one else to attend to the vehicle. Thus, under these circumstances, Officer Anderson acted reasonably by impounding defendant's vehicle so as to not leave it unattended in the middle of the night on the roadway. See *Toohey*, 438 Mich at 286. Once the vehicle was reasonably impounded, Officer Anderson was permitted to conduct an inventory search pursuant to standardized police procedure. Therefore, the inventory search did not violate defendant's right against unreasonable searches and seizures, and the discovered evidence was not obtained unlawfully. The trial court did not err when it determined that neither the impoundment of, nor the inventory search of, defendant's vehicle was unconstitutional. The court properly denied defendant's motion to suppress.

Affirmed.

/s/ Christopher M. Murray
/s/ Michael J. Riordan
/s/ David H. Sawyer

---

[2] Defendant's reliance on MCL 764.9c is misplaced. Although MCL 764.9c(4) does allow for a police officer to provide a misdemeanant with an appearance ticket, rather than taking them into custody, that subsection is subject to subsection 5. And, under that subsection, MCL 764.9c(5)(c), an officer can forego issuing an appearance ticket if "[t]here is a reasonable likelihood that the offense would continue or resume . . . if the arrested person is released from custody." Because defendant had no driver's license in his possession, and had no insurance on the vehicle, the offenses would have resumed had defendant been issued an appearance ticket and released.